(83 South. 190)

No. 23586.

EUREKA HOMESTEAD SOC. v. CLARK.

In re EUREKA HOMESTEAD SOC.

(Nov. 3, 1919.)

*(Syllabus by Editorial Staff.)*

1. CERTIORARI ⬯62 — DISMISSAL OF WRIT; FAILURE TO FILE BRIEF WITHIN TWENTY DAYS.

Writs of certiorari and review will not be rescinded merely because relator failed to file a brief within 20 days, there being no law nor rule of court imposing that penalty for a failure to file a brief in support of such an application under Const. art. 101.

2. JUDGMENT ⬯133 — DEFAULT; NECESSITY OF AFFIDAVIT THAT DEFENDANT WAS NOT IN MILITARY SERVICE.

Act Cong. March 8, 1918, § 200 (U. S. Comp. St. § 3078¼bb), relating to the entry of judgment against persons in military and naval service, does not make absolutely null a judgment, rendered against one not in military service, without an affidavit showing that defendant was not then in military service.

Certiorari to Court of Appeal, Parish of Orleans.

Action by Eureka Homestead Society against William L. Clark, Jr. Judgment by default was entered against defendant. On appeal to the Court of Appeal, the judgment was annulled, the case remanded, and plaintiff applies for certiorari or writ of review. Judgment of the Court of Appeal annulled and that of trial court affirmed.

McCloskey & Benedict and Henry B. Curtis, all of New Orleans, for applicant.

Charles J. Rivet and Delvaille H. Théard, both of New Orleans, for respondent.

## On Motion to Rescind Writ.

O'NIELL, J. [1] Counsel for defendant, Clark, has filed a motion to have the writs of certiorari and review rescinded, because the plaintiff, relator herein, did not file a brief within the 20 days allowed. There is no law nor rule of court imposing that penalty for a failure to file a brief in support of an application for a writ of review, under article 101 of the Constitution. The delay of 20 days allowed for the filing of briefs, which we invariably grant when we issue a writ of review to the Court of Appeal, is a matter of grace, not a mandate. The only unfortunate consequence that may result from an attorney's negligence in that respect is that his client and we are thereby deprived of the benefit of the brief, in our effort to decide the case right.

The motion to have the writs rescinded is therefore overruled.

## On the Merits.

The issue presented requires an interpretation of article 2, and particularly of section 200, of the act of Congress approved March

8, 1918 (Act March 8, 1918, c. 20, 40 Stat. 441 [U. S. Comp. St. § 3078¼bb]) entitled "An act to extend protection to the civil rights of members of the military and naval establishment of the United States engaged in the present war." The question is whether a judgment of a court of competent jurisdiction, rendered against the defendant on default of an appearance by him or by an attorney or agent to represent him, and without "an affidavit setting forth facts showing that the defendant is not in military service," is absolutely null, or is only voidable at the instance of a defendant in military service.

It is not contended on behalf of defendant that he is or was in the military service. The suit was brought, and judgment rendered in the civil district court, on promissory notes, for $840, bearing interest and attorney's fees. The citation and copy of petition were served upon defendant personally and, no appearance having been made by or for him within the delay allowed by law, judgment by default was entered against him. At the expiration of the time allowed by law for setting aside the judgment by default, the case was taken up, and on proof of the claim, but without an affidavit showing that defendant was not in the military service, the judgment was confirmed. Thereafter, when the judgment had been read and signed, defendant appeared in court through his attorney, and, alleging merely that the judgment was contrary to the law and the evidence and that he was aggrieved thereby and desired to appeal therefrom, obtained a suspensive appeal to the Court of Appeal for the parish of Orleans. Plaintiff then filed in the Court of Appeal an ex parte affidavit, declaring that affiant had known the defendant for a period of about 15 years, and that he was not and had not been in the military or naval service of the United States, and was beyond the draft age. Defendant's counsel moved that the affidavit be expunged from the record, which motion was taken under advisement by the Court of Appeal, and was not thereafter adverted to, except in an expression in the final judgment, to the effect that the court's conclusion that the judgment appealed from was null rendered it unnecessary for the court to consider the question whether the affidavit was admissible or should be expunged from the record. The judgment of the civil district court was annulled and the case was remanded for further proceedings according to law. The case is before us on writs of certiorari and review issued at the instance of the plaintiff.

### Opinion.

[2] In view of the statute of this state (Act No. 131 of 1918; p. 217), which is a replica of the act of Congress approved March 8, 1918, we deem it unnecessary to decide whether the Congress of the United States had authority to so regulate proceedings in state courts, for the protection of the civil rights of persons in military service, as to declare that a judgment rendered against a person not in military service, without prima facie evidence that he was not in military service, should be absolutely null. The state law became effective after the citation was served upon the defendant in this case but before the judgment by default was entered. It appears that the statute was not invoked, either in the district court or in the Court of Appeal, and it was not considered by either court. However, our interpretation of the act of Congress on the subject is, of course, applicable to the state statute. And our conclusion is that the act of Congress does not go so far as to declare that a judgment rendered against a defendant, without an affidavit showing that he was not then in military service, shall be absolutely null, even though the defendant was not in military service.

Section 200 of the act declares that, in any action or proceeding commenced in any court, if there shall be a default of an appearance by the defendant, the plaintiff before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. But the act does not anywhere declare that a judgment rendered on default and without such affidavit shall be absolutely null. On the contrary, there are several provisions that indicate that the judgment in such case would be voidable only at the instance of a defendant in military service. For example, the third sentence in section 200 declares that, if an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment. In the case before us, there was an order of court directing the entry of a judgment by default; and there was no necessity for appointing an attorney to represent the defendant and protect his interest, if he was not in the military service. The fourth sentence declares that, unless it appears that the defendant is not in the military service, the court may require as a condition before judgment is entered that the plaintiff file a bond approved by the court conditioned to indemnify the defendant, if in military service, against any loss or damage that he may suffer by reason of any judgment should the judgment be thereafter set aside in whole or in part. And the fifth sentence authorizes the court to make such other and further order or enter such judgment as in its opinion may be necessary to protect the rights of the defendant under this act. All of which is in accord with the general provision in section 102 of the act

(U. S. Comp. St. § 3078¼aaa) that its provisions shall be enforced through the usual forms of procedure obtaining in the court in which the proceeding is commenced, or under such regulations as may be prescribed by that court, which court may be any court of the United States, or of one of the states or territories, or of the District of Columbia, or of any territory subject to the jurisdiction of the United States.

The fourth paragraph of section 200 makes it quite plain that the final judgment of a court of competent jurisdiction shall be prima facie evidence that the person against whom it was rendered was not in the military service. The paragraph declares that, if any judgment shall be rendered against any person in military service during the period of such service, or within 30 days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application made by such person or his legal representative, not later than 90 days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof. And the concluding sentence of the paragraph declares that the vacating, setting aside, or reversing of any judgment because of any of the provisions of this act shall not impair any right or title acquired by any bona fide purchaser for value under such judgment. Hence it follows that a judgment rendered on default of an appearance by defendant, and without the affidavit referred to in section 200, is not an absolute nullity.

The affidavit filed by plaintiff in the Court of Appeal was not necessary to sustain the judgment appealed from. If the defendant was in the military service at the time or within 30 days before the judgment was ren-

dered, he may, within 90 days after the termination of his military service, make application to have the case opened by the court that rendered the judgment, and be let in to defend, provided he has a meritorious or legal defense to the action, and provided he was prejudiced by reason of his military service in making his defense.

The judgment of the Court of Appeal is annulled, and the judgment of the civil district court is affirmed, at defendant's cost.