## Anna Schroeder, Appellee, v. Charles Levy and Mrs. Charles Levy, Appellants.

### Gen. No. 26,370.

1. JUDGMENT—*effect of Soldiers' and Sailors' Civil Relief Act.* The requirement of paragraph 1, sec. 200, of the "Soldiers' and Sailors' Civil Relief Act," in force March 8, 1918 (Fed. St. Ann. Supp. 1918, pp. 814-824), requiring an order of court directing the entry of judgment in the absence of an affidavit that defendant was not in the military service, was not jurisdictional, because under paragraph 4 of the same section the judgment may nevertheless be permitted to stand, as such paragraph provides for the opening of the judgment on application and preserves any right or title acquired by any bona fide purchaser for value under any such judgment, when vacated or set aside.

2. APPEAL AND ERROR—*when objection that judgment not entered in compliance with Soldiers' and Sailors' Civil Relief Act not reviewable.* An assignment of error that a judgment was improperly entered without compliance with paragraph 1, sec. 200, of the Federal Act, known as the "Soldiers' and Sailors' Civil Relief Act," in force March 8, 1918 (Fed. St. Ann. Supp. 1918, pp. 814-824), was not well taken, in the absence of a bill of exceptions showing upon what grounds defendant moved to vacate the judgment, and that the affidavit required by the act was not filed.

3. APPEAL AND ERROR—*presumption in favor of regularity in entry of judgment.* Under the presumption of regularity of proceedings and in the absence of a proper showing in the bill of exceptions that an affidavit that defendant was not in the military service was not filed, the Appellate Court was required to assume that such affidavit was filed,

4. MUNICIPAL COURT OF CHICAGO—*sufficiency of statement of claim against husband and wife in fourth-class case.* A statement of claim in a fourth-class case against husband and wife, alleging that the claim was for labor and material furnished in the making of a black satin dress at an agreed price of $150, for the wife of the other defendant, reasonably set forth a claim against husband and wife at an agreed price, and that the right of action was predicated upon their liability therefor as a family expense; and such statement complied with section 40 of the Municipal Court Act (Cahill's Ill. St. ch. 37, ¶ 428) pertaining to fourth-class cases.

Appeal from the Municipal Court of Chicago; the Hon. DANIEL P. TRUDE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Affirmed. Opinon filed November 1, 1921.

MORRIS G. LEONARD, for appellants; ALVIN E. STEIN, of counsel.

HENRY M. HAGAN, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an appeal from a judgment for $150 and costs entered for want of appearance of defendants. The record shows that they were duly summoned to appear March 15, 1920, and that the default was not taken until May 11 following.

It is first urged as ground for reversal that the judgment could not be entered without an affidavit that defendants were not in the military service, or, in the absence of such an affidavit, an order of court directing the entry of judgment, as required by paragraph 1, sec. 200, of the Federal Act, known as the "Soldiers' and Sailors' Civil Relief Act," in force March 8, 1918. (Fed. Stat. Ann. Supp. 1918, pp. 814-824). It is contended that these requirements are jurisdictional. While as a matter of fact the record does show that the entry of the judgment was directed by the court, as is done in all judgments entered under

the practice in this State, yet if the provision were jurisdictional the judgment would be absolutely void. But such is not the case as the judgment, as appears by paragraph 4 of the same section, may, nevertheless, be permitted to stand. That paragraph provides for the opening of such judgment on application if it appears that it was entered against a person in the military service during such service or within 30 days thereafter and he was prejudiced by reason of such service in making his defense thereto, providing the application is made not later than 90 days after the termination of such service and it is made to appear that he has a meritorious or legal defense. The act further provides that vacating or setting aside such a judgment will not impair any right or title acquired by any bona fide purchaser for value under such judgment. These provisions make it clear that as the judgment may stand notwithstanding the failure to comply with the requirements in paragraph 1, they are not jurisdictional.

While it appears that defendants entered their appearance and moved to vacate the judgment, it does not appear from the record on what ground. If the motion was predicated upon a failure to comply with the requirements of said act we could not know it without the fact had been preserved in proper form, which could be only by a bill of exceptions. There is none in this record. We cannot know, therefore, that the point urged here was urged in the court below. For aught that appears to the contrary, such an affidavit as the statute requires was filed. If we indulge the presumption of regularity of proceedings we must, in the absence of a showing to the contrary, assume it was. Consequently the error assigned with respect to the failure to file an affidavit is not well taken.

It is also urged that the statement of claim is insufficient to support the judgment. It is for a "claim for labor and material furnished making one black

satin dress at an agreed price of $150 for Mrs. Charles Levy, wife of Charles Levy." This is a fourth-class case in which plaintiff was only required to set forth the nature of the demand, which we think defendants would reasonably understand to be a claim against husband and wife for a dress made for her at a price agreed upon by one of them, whether the wife or husband is immaterial, and that the right of action was predicated on their liability therefor as a family expense. Under the ruling in *Sher v. Robinson,* 298 Ill. 181, we think the statement of claim complies with section 40 of the Municipal Court Act (Cahill's Ill. St. ch. 37, ¶ 428) pertaining to fourth-class cases. The judgment will be affirmed.

*Affirmed.*

GRIDLEY, P. J., and MORRILL, J., concur.