[Civ. No. 7094.   Third Dist.   Mar. 14, 1945.]

ELOISE RUSS, Respondent, v. JOHN RUSS, Appellant.

Blaine McGowan for Appellant.

Hill & Hill for Respondent.

PEEK, J.—This appeal is from an order and judgment entered pursuant thereto, modifying a final decree of divorce granted to plaintiff.

By the terms of said decree defendant was ordered to pay to plaintiff $100 per month for the support and maintenance of herself and the minor child of the parties for a period of eighteen months, and thereafter to pay to plaintiff $35 per month for the support of said child.

The record presented to us consists of the notice of motion, affidavit for order to show cause, order shortening time for service of notice of motion, all filed on August 26, 1943, order modifying final decree of divorce, and supplemental affidavit of plaintiff, filed on January 31, 1944. The order to show cause is the only document in the record showing service upon counsel for the defendant. An affidavit of service by mail of a copy of the order to show cause and the supporting affidavit of plaintiff shows that copies thereof were mailed, pursuant to an order of the court, to defendant, c/o Sadie Russ, Ferndale, California, who, as appears from respondent's brief, is the mother of defendant.

By the first affidavit plaintiff alleges that since the final decree, conditions and circumstances surrounding the parties and upon which the original order was based have materially changed; that defendant is now in the armed forces of the United States; that by virtue of the Servicemen's Dependents Allowance Act of 1942 [77th Congress—Pub. Law 625; 37 U.S.C.A. § 207] he can support plaintiff and said minor child with a minimum obligation on his part; that plaintiff is in need of said maintenance and support, and concludes with a request that defendant be ordered to pay to her the sum of $50 per month for her support and maintenance and $50 per

month for the support and maintenance of said minor. Plaintiff's supplemental affidavit alleges that for more than one year she has paid the premiums on two insurance policies, which policies will pay to said minor the sum of $5,000 at about the time she will finish high school, and will be used according to the plan of plaintiff to complete the education of said minor; that under the provisions of said policies in the event plaintiff should die they automatically would become fully paid up; that she knows of no other way she can guarantee said minor's education; that in view of the social standing, income and wealth of defendant, $5,000 is a reasonable sum to expend for such purpose; that the premiums average $25 per month, and during the past year plaintiff has paid said amount in full; that she is now unemployed and is without income other than the sum of $35 per month received from defendant for the maintenance of said minor under the terms of the present order; that in recent months she has been able to work only half days earning approximately $50 per month; that her expenses are considerably over $100 per month; that she intends to enter a school for dental nurses so as to be better fitted to provide for said minor child and herself; that the tuition fee for such schooling is $175, and with the premiums on the insurance policies her monthly expenses will be approximately $125 to $150; that she has not sufficient funds to meet said expenses; that defendant is in the army and that the law provides that a divorced wife with a minor child may receive up to $72 per month from the government with a contribution from defendant of only $22; that defendant has other property in excess of $25,000 and is able to pay.

No appearance was made by defendant nor did counsel appear in his behalf at the hearing of the motion on August 31, 1943. On January 31, 1944, five months thereafter, the court made its order modifying the final decree previously made and entered April 2, 1943, and ordered defendant to pay to plaintiff the sum of $100 per month as maintenance for herself and said minor child for a period of eighteen months, the first payment to be made April 1, 1942; that upon the expiration of the eighteen months' period defendant to pay to plaintiff the sum of $50 per month for the support and maintenance of herself and $35 per month for the support and maintenance of the minor child; said payments to continue for the duration of the service of defendant with the armed forces of the

United States; that following the duration of the service of defendant, and thereafter during the minority of said child, he pay to plaintiff as for maintenance of said minor child the sum of $35 per month.

Appellant contends that neither the notice of motion nor the order to show cause has any legal effect for the reason that the grounds were not stated therein; that the affidavit does not show the ability of defendant to make the payments required; that it is not shown that the amount now being received by the minor child is inadequate for its support; that defendant is in the Army Air Force in the capacity of a private and stationed at San Antonio, Texas; that present counsel was counsel for defendant in the divorce proceedings only, and thereafter he had no further connection with the case until the order to show cause was served on him; that notice of motion was never served upon counsel for defendant; that no showing was made in the moving papers as to whether or not defendant was in or out of the state nor was any finding made thereon; that there are no findings as to whether or not defendant's counsel was still his attorney; that without findings to this effect the notice must fail; that the court abused its discretion in that its jurisdiction is limited to making such orders as existing conditions and circumstances require, and cannot anticipate situations or attempt to provide for future contingencies, and that the sole thought of respondent is to secure money for herself from the Government of the United States under the Servicemen's Dependents Allowance Act of 1942.

An examination of all of the papers on file herein shows that the motion was made upon the alleged insufficient allowance for the support of plaintiff and the minor child, change in the financial condition of the defendant, necessity for proper education of the minor, and federal support for dependent children not available when the original order was granted. No record of the proceedings upon which either the interlocutory or final decrees were based is before us. As previously stated neither the defendant nor his counsel appeared at the hearing of the motion nor were any objections made to any of the matters concerning which defendant now complains nor were any counteraffidavits filed by him in opposition to plaintiff's motion. Apparently the modification order was granted solely upon the affidavits of plaintiff.

Under such circumstances it is impossible for this court to say that the conditions presented to the trial court in support of said order were the same as those presented at the prior hearing. In support of the order we must assume that other and different conditions were established at the hearing on August 31, 1943. (*Becker* v. *Becker,* 64 Cal.App.2d 239 [148 P.2d 381]; *Valentine* v. *Valentine,* 47 Cal.App.2d 438, 440 [118 P.2d 17].) In addition thereto the same trial judge presided at all hearings in the present controversy, and we cannot assume that he would have altered the award in the absence of such a showing. (*Leupe* v. *Leupe* (1942), 21 Cal.2d 145 [130 P.2d 697].) ▪ A modification of an award pursuant to sections 138 and 139 of the Civil Code rests upon the sound discretion of the trial court, and such order will not be set aside without a clear showing of an abuse of discretion. (*Leupe* v. *Leupe, supra; Prouty* v. *Prouty,* 16 Cal.2d 190 [105 P.2d 295].)

Section 1015 of the Code of Civil Procedure provides:

"When a plaintiff or a defendant, who has appeared, resides out of the State, and has . . . an attorney in the action or proceeding, the service of papers, when required, must be upon the attorney instead of the party."

The Supreme Court, in the case of *Reynolds* v. *Reynolds* (1943), 21 Cal.2d 580, 583 [134 P.2d 251], construing this portion of the section, stated:

". . . the Legislature may provide that once the court has jurisdiction over the subject matter of a proceeding and over the person of the party affected, it may bind such person by orders made after he has left the state."

▪ Ordinarily, the authority of an attorney ends with the entry of judgment except for the purpose of enforcing it or having it set aside. (3 Cal.Jur. 668.) ▪ Nevertheless, a judgment of divorce insofar as it relates to the maintenance of minor children is not final. As to those matters the litigation will be regarded as still pending. (*Rosher* v. *Superior Court* (1937), 9 Cal.2d 556 [71 P.2d 918].) ▪ In such cases the court is primarily interested in whether a party has an attorney of record, whether any change in attorneys has been made as provided in section 284 of the Code of Civil Procedure, and whether notice thereof has been given as provided in section 285 of that code. As there is no showing

herein that defendant discharged his counsel of record it follows that service of papers upon said attorney bound the client until such counsel·was discharged or substituted out of the case in the manner provided by law. (*Scarpel* v. *East Bay Street Rys.* (1940), 42 Cal.App.2d 32 [115 P.2d 862].)

■ Counsel for defendant alleges in his brief that notice of motion was never served upon him. In reply, counsel for plaintiff states that service of every necessary paper was made upon defendant's counsel and that the same bears his signature as of August 26, 1943; that said statement by defendant's counsel is in all probability an inadvertence, which counsel would undoubtedly correct in his reply brief; that such omission of counsel's signature on the documents on file herein was undoubtedly due to an error in making up the transcript, and concludes with an offer to obtain copies of the same for the benefit of this court. As counsel for defendant filed no reply brief we are left with no answer to plaintiff's statement. Under such circumstances we will assume in support of the order, and in accordance with the offer of proof and statement of plaintiff's counsel that the omission of the showing of service of copies of all papers was mere inadvertence in the preparation of the transcript.

■ Appellant's final contention that the modification order is in violation of the Soldiers' and Sailors' Civil Relief Act [54 Stats. 1178; 50 U.S.C.A.App. § 501 et seq.] is without merit. In the previously cited case of *Reynolds* v. *Reynolds,* wherein a similar question was raised, the court said:

"This section is designed to protect a defendant in military service who does not appear, by· insuring the appointment of an attorney to represent him. It does not apply, however, when, as in the present case, the defendant has appointed his own attorneys to protect his interest."

■ If the showing made by plaintiff sufficiently warranted the trial court, in the exercise of its sound discretion, to modify the final decree, and we conclude it did, what may or may not have motivated plaintiff in instituting this proceeding is of no concern to this court.

The order and judgment appealed from are affirmed.

Adams, P. J., and Thompson, J., concurred.