[L. A. No. 19701.   In Bank.   July 3, 1947.]

GERTRUDE ANN ALLEN, Respondent, v. GLEN V.
ALLEN, Appellant.

Arthur C. Fisher for Appellant.

Leo K. Gold for Respondent.

TRAYNOR, J.—Defendant appeals from an order denying his motion to vacate an order of the superior court increasing plaintiff's allowance for support.

Plaintiff's final judgment of divorce was entered in January, 1941, and defendant was ordered to pay $25 a month for the support of their child and $5.00 a month for plaintiff's support. In 1943, plaintiff served notice of a motion to modify the support order on A. C. Fisher, defendant's attorney in the divorce action. Fisher informed plaintiff's attorney that he was no longer authorized to represent defendant and did not know where he was beyond the fact that he was in the military service. Fisher stated that he would attempt to locate defendant and later appeared at the hearing on the motion to explain the situation to the trial judge. The hearing was continued for about a month, but Fisher did not succeed in communicating with defendant, for the letter he sent defendant, who was overseas at the time, did not reach him because of his transfers. Fisher sent a representative into court when the hearing was resumed to advise the trial court of his inability to communicate with defendant. The trial court nevertheless granted plaintiff's motion and increased her support to $37 per month without appointing anyone to represent defendant.

Defendant first learned of the modification 27 months later, while under treatment in the Naval Hospital at San Leandro. He was informed by the officer in charge that he was delinquent in his support payments in the sum of $1,198 and he wrote to Fisher who explained what had happened. Shortly thereafter, and immediately upon his release from the Navy, defendant gave notice of a motion to vacate the modification order on the ground that plaintiff had not complied with the Soldiers' & Sailors' Civil Relief Act (54 Stats. 1180; 50 U.S.C.A. App. § 501) and the order was therefore void.

Section 200(1) of the act [54 Stats. 1180; 50 U.S.C.A. App. § 520] (1) provides that if there is a default of appearance by the defendant in any proceeding, plaintiff shall file an affidavit showing that the defendant is not in the military service. If such an affidavit cannot be filed, plaintiff must file an affidavit showing that defendant is in the military service or that plaintiff is unable to determine whether or not defen-

dant is in such service. If an affidavit cannot be made showing that defendant is not in the service, the court shall not order the entry of judgment without appointing an attorney to represent defendant and protect his interests. In the present case, no such affidavits were filed by plaintiff, although the court was informed by Fisher that defendant was in the military service.

There is no doubt that the trial court erred in failing to appoint an attorney to represent the defaulting serviceman. Plaintiff contends, however, that *Reynolds* v. *Reynolds,* 21 Cal.2d 580 [134 P.2d 251], and *Russ* v. *Russ,* 68 Cal.App.2d 400 [156 P.2d 767], relieved the trial court of this duty. The Reynolds case is clearly distinguishable from the one now before this court. In that case the defendant, a serviceman, was afforded actual notice of the hearing and appeared specially, through attorneys, to contest the jurisdiction of the court on the ground that he had discharged his attorneys of record long before the hearing on the modification. This court held that where the serviceman is notified of the proceeding and appoints attorneys to represent him and to follow a particular course of action that proves to be unsuccessful, the court is not required to appoint another attorney to pursue a different course of action. (*Reynolds* v. *Reynolds, supra,* · at p. 586.) Defendant here, however, was not notified of the hearing, nor was he represented therein, within the meaning of the act.

Plaintiff also relies upon *Russ* v. *Russ, supra,* but in that case the serviceman was notified of the proceeding. The court was apparently convinced that the case was similar to the Reynolds case on its facts, although the serviceman's attorney did not appear at the hearing. (*Russ* v. *Russ, supra,* at p. 406.) Any implication in the Russ case that mere service of process upon attorneys of record in the divorce action is sufficient in a modification proceeding to satisfy the requirements of the act is disapproved.

The error of the trial court in failing to appoint an attorney to represent defendant does not, however, render its order void. Section 200 of the act, requiring the appointment of a representative for the protection of the serviceman before entry of judgment, also contains a provision authorizing a trial court to vacate or set aside its judgment in any proceeding where it appears that the serviceman was prejudiced by reason of his military service in making his defense:

"If any judgment shall be rendered *in any action or proceeding governed by this section* against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof. Vacating, setting aside, or reversing any judgment because of any of the provisions of this Act shall not impair any right or title acquired by any bona fide purchaser for value under such judgment." (Italics added.) [54 Stats. 1180; 50 U.S.C.A. App. § 520(4).]

The foregoing provision prescribes the procedure to be followed by a serviceman whose defense has been prejudiced by reason of his military service. This provision would be mere surplusage had Congress intended to condemn as void those judgments and orders entered contrary to the directions of other provisions of section 200. Accordingly, it is held that proceedings contrary to section 200 are valid until properly attacked. (*Schroeder* v. *Levy*, 222 Ill.App. 252; *Eureka Homestead Soc.* v. *Clark*, 145 La. 917 [83 So. 190]; *Snapp* v. *Scott*, 196 Okla. 658 [167 P.2d 870]; *Mims Bros.* v. *N. A. James, Inc.* (Tex.Civ.App.), 174 S.W.2d 276; *Lyle* v. *Haskins*, 24 Wn.2d 883 [168 P.2d 797]; see *Winslow* v. *Harold G. Ferguson Corp.*, 25 Cal.2d 274, 282 [153 P.2d 714]; *Howie Mining Co.* v. *McGary*, 256 F. 38; *State* v. *District Court*, 55 Mont. 602 [179 P. 831]; *Hynds* v. *City of Ada*, 195 Okla. 465 [158 P.2d 907]; see, generally, *Boone* v. *Lightner*, 319 U.S. 561 [63 S.Ct. 1223, 87 L.Ed. 1587].)

Defendant's motion to vacate the modification order was timely, and he was unquestionably prejudiced by reason of his military service in making his defense to plaintiff's motion. It is contended that *Miller* v. *Miller*, 26 Cal.2d 119 [156 P.2d 931], compels the conclusion that defendant was not prejudiced. That case was concerned, not with the failure of a trial court to appoint a representative to protect the defaulting serviceman before entering an order against him as required by section 200, but with the refusal of a trial court to grant a stay as authorized by section 201 of the act. (50

U.S.C.A. App. § 521.) Under section 201 the trial court may, upon application, grant a stay at any stage of a proceeding "unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

In the Miller case the serviceman had obtained the entry of a final decree of divorce after entering the Army. His wife, the plaintiff in the divorce action, instituted a proceeding to vacate the entry of the final decree on the ground that the serviceman had filed false affidavits. At the hearing, counsel for the serviceman requested a stay under section 201, but the request was denied by the trial judge. This court affirmed the trial court's ruling on the grounds that the serviceman was represented by counsel at all stages of the hearing and that all necessary witnesses were present and subject to counsel's interrogation. (*Miller* v. *Miller, supra,* at pp. 124-125.) The opinion further stated, "Having thus set in motion *after* his entry into the Army the chain of circumstances giving rise to the proceeding to vacate, the trial court in the exercise of a sound discretion could reasonably reject defendant's plea for an indefinite postponement of an investigation of those circumstances." (*Miller* v. *Miller, supra,* at p. 124.) *Miller* v. *Miller* is not, therefore, comparable to the instant case. The record shows that there was no actual notice to the serviceman and that he was not represented at the hearing.

Defendant alleges that at the time of the divorce, and for some years prior thereto, plaintiff's salary was greater than his and that she was awarded substantially all of the community property by the divorce decree. He now seeks the opportunity to present his case and contest the motion. He is requesting the very relief contemplated by the act. The trial court therefore abused its discretion in refusing to permit him to defend.

The order denying the motion of defendant to vacate the order of June 13, 1943, is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., and Spence, J., concurred.

CARTER, J.—I concur in the judgment of reversal, and generally with what is said in the majority opinion. But I think it is obvious, however, that the majority opinion in this case is in clear conflict with the majority opinion in the case of *Miller* v. *Miller,* 26 Cal.2d 119 [156 P.2d 931], and for

the sake of uniformity and consistency in the law of this state, the latter case should be overruled.

SCHAUER, J.—I concur in the judgment. It should be noted that the majority opinion, in applying and following the Soldiers' and Sailors' Civil Relief Act (holding that "Defendant was unquestionably prejudiced by reason of his military service in making his defense to plaintiff's motion") in divorce litigation, is substantially inconsistent with the holding in *Miller* v. *Miller* (1945), 26 Cal.2d 119 [156 P.2d 931]. In the last cited case the showing of prejudice was much stronger than in the case at bar. It appeared, as noted in the dissenting opinion of Mr. Justice Carter at page 127 of 26 Cal.2d, that there the defendant, who likewise was in military service and absent, was the only person who had knowledge of the facts and could rebut the charge upon which the action against him was taken. Nevertheless this court sustained the drastic action of setting aside a final judgment in his absence after a request on his behalf for even a three weeks' continuance was denied. The Miller case should be overruled.

The true rule as to the burden of proof in applications of the Soldiers' and Sailors' Civil Relief Act is stated in *Pacific Greyhound Lines* v. *Superior Court* (1946), 28 Cal.2d 61, 67 [168 P.2d 665]. "The Soldiers' and Sailors' Civil Relief Act . . . leaves discretion in the trial court [assuming the evidence admits of conflicting inferences] in resolving the issue as to whether 'the ability of plaintiff to prosecute the action or the defendant to conduct his defense is . . . materially affected by reason of his military service' but it, in effect, places the burden of proof upon the party resisting a postponement and '*unless*, in the opinion of the court, the ability of . . . [the party to prosecute or defend] is *not* materially affected' a postponement of the trial by the court is mandatory 'on application to it by such person or some person on his behalf.' (The section provides that on such application, *unless* the court is of the view stated, the action or proceeding '*shall* . . . be stayed as provided in this Act.')."

In my view, upon the facts of this case, as upon the facts of the Miller case, a stay was mandatory.