CLARENCE M. LIGHTNER ET AL. V. DANIEL F. BOONE, TRUSTEE, FOR MARTHA PENELOPE BOONE, A MINOR.

(Filed 19 November, 1947.)

**1. Judgments § 27a—**

The Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. appx. 520 (4), is limited by its express terms to judgments entered "on a default of any appearance by the defendant."

**2. Judgments § 32—**

Adjudication, upon defendant's motion for a continuance under the Soldiers' and Sailors' Civil Relief Act, that defendant had made a general appearance, is *res judicata* upon a subsequent motion to set the judgment rendered aside.

**3. Appeal and Error § 40d—**

Upon motion to set aside a judgment under the Soldiers' and Sailors' Civil Relief Act, findings, supported by evidence, that defendant has no meritorious defense, is binding on appeal.

**4. Judgments § 27a—**

A finding that defendant has no meritorious defense is a finding that defendant has no "meritorious or legal defense" within the meaning of the Soldiers' and Sailors' Civil Relief Act.

**5. Same—**

Upon the hearing of a motion under the Soldiers' and Sailors' Civil Relief Act to set aside a judgment, the findings by the court that defendant had full opportunity to present his defense, that he presented all facts available to him, and that such facts do not establish a meritorious defense, obviates finding that defendant had not been prejudiced by reason of military service in making his defense, since if defendant has no valid defense he has not been prejudiced.

**6. Trusts § 24—**

Where the complaint alleges maladministration and misuse of trust funds, a court of equity will interpose its protective authority in behalf of the infant beneficiary, and defendant trustee's affidavits which failed to deny misuse of trust funds but controvert only whether the trust was created by will or by letter do not show a valid defense.

APPEAL by defendant from *Pless, J.,* at May Special Term, 1947, of HENDERSON. Affirmed.

Civil action for accounting of trust funds, heard on petition and motion of defendant to vacate the judgment entered at the May-June Term, 1942.

This cause was here on former appeal. *Lightner v. Boone,* 222 N. C., 205. The facts are there fully stated. See also *Boone v. Lightner,* 319 U. S., 561, 87 L. Ed., 1587.

The defendant, on ...... April, 1947, appeared and filed a petition and motion, under the Soldiers' and Sailors' Civil Relief Act of 1940, that the court vacate the judgment entered and permit him to appear and defend said action.

The petition and motion came on for hearing at the May Special Term, 1947, at which time the court, after hearing the evidence and argument of counsel, found the facts, including a finding that defendant's petition and supporting affidavits fail to set forth and allege a meritorious defense and that he has no such defense. It then concluded as a matter of law that (1) the petition and the affidavits in support thereof do not allege a meritorious defense; (2) the facts found at the original hearing as affirmed on appeal correctly state the facts and support the judgment; (3) the defendant has had ample opportunity to contradict the facts upon which plaintiffs rely but has failed to do so; and (4) all defenses available to defendant have been presented and nothing has been presented to show a meritorious defense. Thereupon the motion was denied. The defendant excepted to each and every finding of fact and conclusion of law and also excepted for that the court failed to make any finding of fact or conclusion of law as to whether the defendant has a legal defense within the meaning of the Soldiers' and Sailors' Civil Relief Act and appealed.

*J. E. Shipman and M. R. McCown for plaintiff appellees.*
*Norman Block for defendant appellant.*

BARNHILL, J. The section of the Soldiers' and Sailors' Civil Relief Act of 1940 (54 Stat. 1180, 50 U.S.C.A. appx. sec. 520 (4), 11 F.C.A. Tit. 50 appx. 9, sec 200 (4)) upon which defendant relies is limited by its express terms to judgments entered "on a default of any appearance by the defendant." 50 U. S. C. A. Appx. Sec. 520 (1); *Shaffer v. Shaffer,* 42 N. E. (2d), 176; *Reynolds v. Reynolds,* 134 P. (2d), 251; *In re Cool's Estate,* 18 A. (2d), 714; *Russ v. Russ,* 156 P. (2d), 767; *Sharp v. Grip Nut Co.,* 62 N. E. (2d), 774. That there was no "default of any appearance" in this cause has already been decided. *Lightner v. Boone,* 222 N. C., 205, 22 S. E. (2d), 426; *Boone v. Lightner,* 319 U. S., 561, 87 L. Ed., 1587; *Boone v. Boone,* 160 F. (2d), 13. That question is *res judicata.*

Even if we concede, however, that under the Act the remedy sought is, upon a proper showing, available to defendant, he is not entitled to relief for the reason that it is not "made to appear that the defendant has a meritorious or legal defense to the action or some part thereof." *Bell v. Niven,* 225 N. C., 395; *S. ex rel. Comrs. of Land Office v. Warden,* 168 P. (2d), 1010; *Com. Credit Corp. v. Smith,* 187 S. W. (2d), 363.

The defendant has studiously avoided a denial of the facts upon which the judgment was rendered. Apparently he finds it impossible to controvert them. These facts disclose maladministration and misuse of trust funds. His affidavits filed herein fail to disclose facts sufficient to constitute a valid defense thereto. *Combs v. Combs,* 180 N. C., 381, 104 S. E., 656. The court below, upon full consideration, has found and concluded that defendant has no such defense. The finding is supported by the record and is binding on us. *In re Hamilton,* 182 N. C., 44, 108 S. E., 385; *McGuinn v. High Point,* 217 N. C., 449, 8 S. E. (2d), 462; *Yadkin County v. High Point,* 217 N. C., 462, 8 S. E. (2d), 470; *Trust Co. v. Lumber Co.,* 221 N. C., 89, 19 S. E. (2d), 138; *Cotton Mills v. Manufacturing Co.,* 221 N. C., 500, 20 S. E. (2d), 818; *Fish v. Hanson,* 223 N. C., 143, 25 S. E. (2d), 461; Anno. 130 A. L. R., 783.

On a motion of this kind any legal defense is a meritorious defense. Hence a finding that defendant has no meritorious defense is a finding that he has no "meritorious or legal defense" within the meaning of the Soldiers' and Sailors Civil Relief Act.

It is true the court below did not specifically find that defendant has not been "prejudiced by reason of his military service in making his defense" to said action. But it did find that he has had full opportunity to present his defense, that he has presented all facts available to him, and that such facts do not tend to establish a meritorious defense. As he has no valid defense he has not been prejudiced.

The funds held by defendant were received by him in trust for the use and benefit of another. What boots it whether that trust was created by will or by the letter which appears in the record in this case? In either event, upon allegation of misuse of the trust funds by the trustee, the court will inquire into the alleged maladministration thereof and "interpose its protective authority" in behalf of the infant beneficiary. *Lightner v. Boone, supra,* and cases cited.

As to the defendant's allegation that there has been a studied effort, bordering on a conspiracy, among the petitioner's wife and others to harass, molest, embarrass, and disgrace him while he was serving as an officer in the United States Army, it might be well for him to look to his own conduct in handling trust funds and his persistent efforts to evade accounting therefor to discover the real source of his embarrassment. See *Lightner v. Boone,* 221 N. C., 78, 19 S. E. (2d), 144; *Lightner v. Boone, supra; Lightner v. Boone,* 222 N. C., 421, 23 S. E. (2d), 313; *Boone v. Lightner, supra; Boone v. Boone, supra.*

The judgment below is

Affirmed.