[Civ. No. 19030. Third Dist. Feb. 5, 1981.]

In re the Marriage of DONA B. and ROSENDO V. LOPEZ.
ROSENDO V. LOPEZ, Appellant, v.
DONA B. LOPEZ, Appellant.

COUNSEL

McPherson & Barnett, Robert E. Barnett and Michael C. Mattice for Appellant Husband.

John H. Knowles for Appellant Wife.

## OPINION

**CARR, J.**—These appeals are from postdissolution modification proceedings on child and spousal support.

Appellant Dona B. Lopez (Dona) appeals from that portion of an order of August 17, 1979, which reduced to $1 per month spousal support of $150 ordered in a prior modification hearing on June 12, 1978, in which a formal order was signed and filed November 7, 1978. Respondent (petitioner in the trial court) Rosendo V. Lopez (Rosendo) cross-appeals from that portion of the order entered August 17, 1979, denying his motion to vacate the November 17, 1978, order increasing child and spousal support.[1]

Because the cross-appeal is dispositive of the issues herein, we address that appeal first.

Petition for dissolution was filed October 27, 1971. An interlocutory decree was entered December 20, 1971, terminating the marriage of seven years and ten months. Although the record contains no proof of service of substitution, on September 4, 1975, Robert Barnett was substituted as attorney of record for Ronald Stone on behalf of Rosendo.

On April 25, 1978, Dona petitioned the court for increased spousal and child support. The motion for modification was noticed for hearing on June 1, 1978. On June 1, 1978, a certificate of service by mail was filed showing service upon Ronald Stone, Rosendo's former attorney of record. The record contains no proof of service on either Rosendo or his current attorney of record.

On June 1, 1978, Dona appeared with counsel; neither Rosendo nor his attorney appeared. The motion to increase child and spousal support was continued to June 12, 1978. Neither Rosendo nor his attorney received notice of the continuance.

At this time Rosendo was a physician in the United States Air Force stationed in Germany. On June 5, 1978, Dona's attorney filed with the court a letter sent to him from Rosendo, dated May 13, 1978. In the letter Rosendo stated that "due to my present military duty in

---

[1]While denying the motion to vacate, the court did grant the alternative motion to reduce the support set in the November 7, 1978, order and reduced spousal support for Dona to $1 per month from $150 per month.

Germany, I will not be able to be present for the legal proceeding on June 1, 1978, at the Superior Court of California, County of Yolo." The letter also explained why Rosendo believed his former wife was not entitled to increased support and stated: "I have received the legal papers you have mailed." The record contains no proof of service upon Rosendo or his attorney, but Dona's attorney filed with the court a post office "Return Receipt" attached to Rosendo's letter. The record does not disclose if Dona's attorney responded to Rosendo's letter or what "legal papers" had been received by Rosendo.

A hearing was held June 12, 1978, without a court reporter; neither Rosendo nor his attorney were present. On August 17, 1978, the court rendered a memorandum decision increasing child and spousal support and awarding fees to Dona's attorneys. On November 7, 1978, a formal order of modification setting child support at $150 per month for each of the two children and spousal support at $150 per month was signed and filed.

On May 22, 1979, while still in military service, Rosendo filed an order to show cause requesting "that the modification [of November 7, 1978] be set aside or in the alternative that the court further modify support order to a figure that is reasonable and that I can afford." The matter was heard on June 18, 1979, at which time the court granted Rosendo until June 29 to amend and supplement his moving papers. Rosendo did not specifically state the legal theories upon which he sought relief; however the points and authorities clearly contemplated relief upon due process grounds; *Griffin* v. *Griffin* (1946) 327 U.S. 220 [90 L.Ed. 635, 66 S.Ct. 556], and the Soldiers' and Sailors' Civil Relief Act (50 U.S.C.A. Appen. § 501 et seq.), and *Allen* v. *Allen* (1947) 30 Cal.2d 433 [182 P.2d 551], were cited as controlling authority.

■ On appeal, Rosendo contends: (1) the Soldiers' and Sailors' Civil Relief Act precludes judgment against a litigant unable to attend because of military duty, and (2) the June 12, 1978, hearing is void as violative of due process of law for lack of notice.

■ Dona, in her appeal, contends (1) the order of modification improperly provided for retroactive reduction of accrued spousal support; (2) the order reducing spousal support to $1 per month was an abuse of discretion in that there was no evidence of material change of circumstances of the parties after the date of the existing order, and (3) it was an abuse of discretion to require her as a supported spouse and the cus-

todial parent of two minor children of the marriage, to demonstrate in a subsequent proceeding that she was unable to seek gainful employment because of adverse effects on the minor children.

Rosendo asserts the order made pursuant to the hearing of June 12, 1978, is void under provisions of the Soldiers' and Sailors' Civil Relief Act of 1940 (50 U.S.C.A. Appen. § 501 et seq.), relying on *Allen* v. *Allen, supra,* 30 Cal.2d 433. *Allen* was an appeal from an order denying a motion to vacate an order increasing respondent wife's spousal support. Appellant had not received personal notice of the hearing, was neither present nor represented by counsel, and was in the military service. In reversing the denial of appellant husband's motion to vacate, the Supreme Court, in summarizing and applying the pertinent provisions of the act, stated: "[Section 520] provides that if there is a default of appearance by the defendant in any proceeding, plaintiff shall file an affidavit showing that the defendant is not in the military service. If such an affidavit cannot be filed, plaintiff must file an affidavit showing that defendant is in the military service or that plaintiff is unable to determine whether or not defendant is in such service. If an affidavit cannot be made showing that defendant is not in the service, the court shall not order the entry of judgment without appointing an attorney to represent defendant and protect his interests. In the present case, no such affidavits were filed by plaintiff, although the court was informed by [defendant's former attorney of record] that defendant was in the military service. [¶] There is no doubt that the trial court erred in failing to appoint an attorney to represent the defaulting serviceman." (*Id.,* at pp. 434-435.)

However, the *Allen* court held that proceedings contrary to section 520 are not void but voidable and until properly attacked are valid. Section 520 further authorizes the trial court to vacate or set aside its judgment in any proceeding where it appears that the party was prejudiced by reason of his military service in making his defense and provides: "If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritori-

ous or legal defense to the action or some part thereof. Vacating, setting aside, or reversing any judgment because of any of the provisions of this Act...shall not impair any right or title acquired by any bona fide purchaser for value under such judgment." (50 U.S.C.A. Appen. § 520(4).)

The court initially determined that Rosendo's contentions concerning the Soldiers' and Sailors' Civil Relief Act as set forth in his points and authorities were not properly before the court, apparently because neither the act nor the *Allen* case was mentioned by name in his order to show cause. ■ We do not find this controlling as the matter was before the court. The order to show cause contained the factual basis for the relief sought: that Rosendo had received no notice of the hearing of June 12, 1978, and was in the military service stationed in Germany at the time of the hearings of June 1 and June 12, 1978. His supporting points and authorities specifically set forth arguments based upon the Soldiers' and Sailors' Civil Relief Act, as well as due process grounds. By supplemental briefs, Dona replied to these arguments. Both Dona and the court had been adequately apprised of Rosendo's reliance upon the act as authority for his position.

The trial court made and filed a "rationale" in which the reasons for its ruling were set forth. Therein the court stated even if the act were properly before the court, its decision would be unchanged. The court reasoned that since a judgment obtained in violation of the act is not void, but voidable upon a showing of prejudice by the serviceman (*Allen, supra,* 30 Cal.2d 433), the court at the hearing of June 12, 1978, must have determined Rosendo was not prejudiced by his absence; that the letter written to Dona's attorney prior to the hearing of June 12, 1978, and submitted to the court by Dona's attorney was a sufficient response by Rosendo for the court to conclude the ability of Rosendo to protect his interests was not materially affected by reason of his military service. We disagree with that analysis. Though inconsistent with its finding of no prejudice, the obvious inference from the court's action in reducing spousal support from the $150 per month ordered at the June 12th hearing to $1 per month is that Rosendo was prejudiced by his absence at the prior modification proceedings. The court went even further and erroneously reduced the spousal support retroactively, of which Dona complains on appeal.

■ The bounds of judicial discretion with respect to the Soldiers' and Sailors' Civil Relief Act have been explored by the United States

Supreme Court in *Boone v. Lightner* (1943) 319 U.S. 561 [87 L.Ed. 1587, 63 S.Ct. 1223], wherein the court observed: "The Soldiers' and Sailors' Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation. The discretion that is vested in trial courts to that end is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence when one's rights or liabilities are being adjudged is usually *prima facie* prejudicial. But in some few cases absence may be a policy, instead of the result of military service, and discretion is vested in the courts to see that the immunities of the Act are not put to such unworthy use." (*Id.*, at p. 575 [87 L.Ed., at p. 1596].) The instant case is not one in which absence was used by the serviceman as a matter of policy. Rosendo was stationed in Germany while proceedings were held in California. He did not ever receive proper notice of the proceedings. He was unquestionably prejudiced by reason of his military service resulting in his absence.

The trial court erred in failing to at least appoint an attorney to represent Rosendo in the absence of his own counsel. (*Allen v. Allen, supra*, 30 Cal.2d at p. 435; see *In re Larson* (1947) 81 Cal.App.2d 258, 262 [183 P.2d 688].) Moreover, the court misconstrued the letter from Rosendo to opposing counsel. There isn't the slightest indicia the letter was intended to serve as a complete statement of Rosendo's position or as a substitute for his appearance or representation at the hearing. The letter did serve to notify the court that he was a serviceman whose military duty in Germany prevented him from appearing in court. He now seeks the opportunity to present his case and contest the motion. He is requesting the very relief contemplated by the act. (*Allen, supra*, 30 Cal.2d at p. 437.)

Finally, in refusing to vacate the previous order, the lower court erroneously determined Rosendo's application for relief was barred by the six-month limitation of section 473 of the Code of Civil Procedure. The Soldiers' and Sailors' Civil Relief Act provides that upon application, at any time within 90 days after termination of service, judgment may be vacated if it appears that: (1) the person was prejudiced by reason of his service; and (2) he has a meritorious defense to the action.[2]

---

[2]Cf. *Syzemore v. County of Sacramento* (1976) 55 Cal.App.3d 517 [127 Cal.Rptr. 741], holding that the 100-day period within which a claim may be brought under Government Code section 911.2 is tolled pursuant to section 525 of the Soldiers' and Sailors' Civil Relief Act.

Rosendo's application was timely within the provisions of the act and at least a prima facie case of prejudice is inferable from the trial court's later reduction of spousal support. Nor do we concur that Rosendo's delay in seeking relief from judgment constituted prejudicial and unexcused laches as found by the court.[3]

For the reasons stated we conclude it was an abuse of discretion for the lower court to deny petitioner's motion to set aside the order entered on November 7, 1978. The order of August 17, 1979, denying the motion of appellant Rosendo Lopez to vacate the decree of November 7, 1978, is reversed and the order of November 7, 1978, is ordered vacated.

■ We agree that the order of August 17, 1979, reducing spousal support to $1 retroactive to October 1, 1978,[4] is reversible error. Our ruling on the cross-appeal moots this issue raised by Dona's appeal as the order modified has been ordered vacated. However, to tidy up the record and restore the parties to their pre-June 1978, positions, we order the entire order entered August 17, 1979 vacated.

Each party shall bear his or her own costs on appeal.

Regan, Acting P. J., and Wolters, J.,* concurred.

---

[3]We note that the judge who made the August 17, 1979, order was not the same judge who heard the June 12, 1978, modification motion and there was no transcript of that proceeding. This placed a burden on the second judge, who apparently was attempting to mete out what was considered essential justice.

[4]*The source of this date is not revealed by the record.*

*Assigned by the Chairperson of the Judicial Council.