KAREN A. SMITH v. DONALD HOWARD DAVIS

No. 873DC643

(Filed 2 February 1988)

**Divorce and Alimony § 24.11— child support—Soldiers and Sailors Relief Act—order reopened**

The trial court erred by denying defendant's motion to reopen a *nunc pro tunc* child support order under the Soldiers and Sailors Relief Act where defendant made no appearance in the case and did not hire or otherwise obtain an attorney to appear for him; the court did not appoint an attorney for defendant before rendering its verdict; defendant's motion was timely in that he was still serving in the Marine Corps; defendant's military service did prejudice his ability to defend the child support action in that he was on active duty in the United States Marine Corps stationed in California assigned to a unit that could be sent to the Western Pacific at any time and in that he had not been paid for four months; and defendant alleged facts sufficient to constitute a legal defense in that he had not been paid for four months.

APPEAL by defendant from *Rountree, Judge.* Order entered 7 April 1987 in District Court, CARTERET County. Heard in the Court of Appeals 4 December 1987.

Defendant, Donald Howard Davis, appeals the trial court's denial of his motion to reopen a child support judgment pursuant to 50 U.S.C. App. 520, the Soldiers' and Sailors' Civil Relief Act (the "Act"). Defendant is a sergeant in the United States Marine Corps stationed at El Toro, California.

On 16 October 1980 an order of paternity was entered in Craven County District Court reciting that defendant had acknowledged paternity of plaintiff's daughter, Rhonda Lee Smith. On 21 May 1985 plaintiff filed a complaint reciting that defendant had paid $100 per month in child support until December 1984. The complaint seeks child support of "not less than $150.00 per month" from defendant. In response defendant sent a letter to plaintiff's attorney dated 23 June 1985 admitting receipt of service of process but requesting that plaintiff's attorney "recognize [his] rights under the Solders and Sailors Relief Act." Neither defendant nor an attorney representing him appeared at the child support hearing. The court did not appoint an attorney to represent defendant. The Honorable James E. Martin entered an order on 16 August 1985 *nunc pro tunc* that defendant pay $225.00 per month in child support.

Defendant filed a motion entitled "motion to reopen judgment under the Soldier's and Sailor's [sic] Civil Relief Act." Defendant submitted his affidavit in support of the motion. The affidavit alleged that at the time of the child support hearing he was on active duty in the United States Marine Corps stationed at El Toro, California and that due to his military obligations he was unavailable to defend at that hearing. Defendant further indicated that upon his arrival at El Toro he had experienced administrative and financial difficulties which caused him not to be paid for four months. From an order dated 7 April 1987 denying his motion, defendant appeals.

*Hugh C. Talton, Jr., for plaintiff-appellee.*

*Robert G. Bowers for defendant-appellant.*

EAGLES, Judge.

The sole issue here is whether the trial court erred in refusing to reopen the child support order entered 16 August 1985 *nunc pro tunc.* We hold that the court erred in denying defendant's motion to reopen and, accordingly, we reverse and remand.

Section 520 of the Act, in pertinent part, states:

(1) In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment. Unless it appears that the defendant is not in such service the court may require, as a condition before judgment is entered, that the plaintiff file a bond approved by the court con-

ditioned to indemnify the defendant, if in military service, against any loss or damage that he may suffer by reason of any judgment should the judgment be thereafter set aside in whole or in part. And the court may make such other and further order or enter such judgment as in its opinion may be necessary to protect the rights of the defendant under this Act [sections 501 to 591 of this Appendix]. Whenever, under the laws applicable with respect to any court, facts may be evidenced, established, or proved by an unsworn statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury, the filing of such an unsworn statement, declaration, verification, or certificate shall satisfy the requirement of this subsection that facts be established by affidavit.

\* \* \*

(4) If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and *it appears that such person was prejudiced by reason of his military service in making his defense* thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; *provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof.* Vacating, setting aside, or reversing any judgment because of any of the provisions of this Act [said sections] shall not impair any right or title acquired by any bona fide purchaser for value under such judgment. (Emphasis added.)

We start with the proposition that the Act is to be liberally construed to protect the rights of those serving in the armed forces of our country. *Boone v. Lightner*, 319 U.S. 561, 87 L.Ed. 1587, 63 S.Ct. 1223 (1943). The purpose of section 520 in particular is to protect persons in the military from having default judgments entered against them without their knowledge and without an opportunity to defend their interests. *Roqueplot v. Roqueplot*, 88 Ill. App. 3d 59, 410 N.E. 2d 441 (1980).

In order to reopen a default judgment under this section there first must have been a default of appearance by the defendant. *Flagg v. Sun Investment & Loan Corporation*, 373 P. 2d 226 (Okla. 1962). Any appearance by the defendant or his counsel in the case in which default judgment has been rendered extinguishes the protections granted under section 520 of the Act and the judgment may not be vacated or set aside. *Cloyd v. Cloyd*, 564 S.W. 2d 337 (Mo. App. 1978). Here, no appearance was made by the defendant. Further, defendant did not hire or otherwise obtain an attorney to represent him or appear for him at the child support hearing. The judgment was, in fact, a default judgment. Consequently, all the protections afforded defendant under section 520 of the Act remain available to him.

Section 520(1) further directs that in the event defendant is in the military service, no judgment may be made against him without the court first appointing an attorney to protect the defendant's interests. The court did not appoint an attorney for defendant before rendering its judgment. This was error.

This error, however, does not necessarily *require* reversal. In *Allen v. Allen*, 30 Cal. 2d 433, 182 P. 2d 551 (1947), the California Supreme Court pointed out that section 520(4) authorizes the trial court to set aside a judgment where, because of his military service, the defendant was prejudiced in making his defense. This section "would be mere surplusage had Congress intended to condemn as void those judgments and orders entered contrary to the directions of other provisions of section [520]." *Id.*, 182 P. 2d at 553. Therefore, the court held that failure to comply with section 520(1) made those default judgments voidable, not void. We agree. Accordingly, nothing else appearing, failure to appoint an attorney to represent an absent service member does not constitute reversible error by the trial court. *Accord Davidson v. General Finance Corporation*, 295 F. Supp. 878 (N.D. Ga. 1968); *Rentfrow v. Wilson*, 213 A. 2d 295 (D.C. 1965). *Contra McDaniel v. McDaniel*, 259 S.W. 2d 633 (Tex. Civ. App. 1953); *see Akers v. Bonifasi*, 629 F. Supp. 1212 (M.D. Tenn. 1984).

Defendant's remedy is in section 520(4) of the Act. To avail himself he must comply with the limitations of the Act. First, the defendant must make his motion to reopen no later than ninety days after the termination of his military service. Here defendant

alleges he is still serving in the Marine Corps. Accordingly, his motion is timely. Next, defendant must show that he was prejudiced in making his defense because of his military service, *Bell v. Niven*, 225 N.C. 395, 35 S.E. 2d 182 (1945), and that he has a meritorious or legal defense to the action. *Courtney v. Warner*, 290 So. 2d 101 (Fla. Dist. Ct. App. 1974). If the trial court finds that no meritorious or legal defense is presented, this finding is binding on appeal, when supported by competent evidence. *Lightner v. Boone*, 228 N.C. 199, 45 S.E. 2d 261 (1947).

Defendant's affidavit asserts that his military obligations prevented him from appearing and making his defense at the child support hearing. At the time of the hearing he was on active duty in the United States Marine Corps stationed in California assigned to a unit that at any time could be sent to the western Pacific area of the world. Defendant further claimed that he was under a financial hardship, not of his own making, so that he had not been paid for four months. The Supreme Court in *Boone* said "[t]he discretion that is vested in trial courts . . . is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence when one's rights or liabilities are being adjudged is usually prima facie prejudicial." *Boone*, 319 U.S. at 575, 87 L.Ed. at 1596. *See also Chenausky v. Chenausky*, 128 N.H. 116, 509 A. 2d 156 (1986). We conclude that defendant's military service did prejudice his ability to defend the child support action.

Defendant must also show that he has a meritorious or legal defense to the action. Here, defendant must have alleged facts which at the time of the child support hearing would have demonstrated a meritorious or legal defense to plaintiff's child support complaint.

On 16 October 1980 an order of paternity was entered in the Craven County District Court establishing defendant's paternity of Rhonda Lee Smith. G.S. 49-15 indicates that once paternity is established custody and support rights "may be determined and enforced in the same manner, as if the child were the legitimate child of such father and mother." G.S. 49-15; *see Tidwell v. Booker*, 290 N.C. 98, 225 S.E. 2d 816 (1976). Plaintiff may enforce defendant's support obligations pursuant to G.S. 50-13.4. G.S. 50-13.4(c) requires that any

Smith v. Davis

[p]ayments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.

Here defendant alleges that he had financial hardships due to his not receiving any pay for four months. This problem adversely affects defendant's estate and his ability to pay child support. Our courts have held that a child support order will be vacated when no evidence is presented concerning a parent's ability to pay, *Dixon v. Dixon*, 67 N.C. App. 73, 312 S.E. 2d 669 (1984), or when the estate of a party is not considered. *See Walker v. Tucker*, 69 N.C. App. 607, 317 S.E. 2d 923 (1984). Defendant has alleged facts which at the time of the child support hearing were sufficient to constitute a legal defense to plaintiff's petition.

Because the Act is to be construed liberally to protect the rights of our armed services personnel and defendant presents a legal defense to this action to increase child support, we hold that the court below erred in denying defendant's motion to reopen and, accordingly, we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

Judges BECTON and COZORT concur.