## 10392.  HARRELL v. SHEALEY.

SMITH, J.  1. Article 2, section 200, of the act of Congress, approved March 8, 1918, c. 20, 40 Stat. 441 (U. S. Comp. St. 1918, § 3078¼ bb), and known as the "soldiers' and sailors' relief act," provides, "that in *any action or proceeding commenced in any court if there shall be a default of an appearance by the defendant, the plaintiff before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service.* . . If *any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto,* such judgment may, upon application, *made by such person* or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same, *and such defendant or his legal representative let in to defend*; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof." Under the provisions of this act a default judgment cannot be opened for failure to file such affidavit, unless it appears from the record that the person against whom the judgment was rendered was as a matter of fact *in* the military service. The court therefore erred in opening the default judgment against the defendant in this case, notwithstanding the plaintiff did not make and file the affidavit provided for in this act, since neither his motion to vacate nor the record as a whole showed that he was engaged in the military service of his government at the time judgment was rendered.

2. "Under the act creating the city court of Thomasville [Acts 1905, p. 383], as amended by the act approved August 22, 1907 (Acts of 1907, p. 238), it is the duty of the trial judge to call the appearance docket, and, if no defense is filed on or before the call of the docket, the judge must, upon sufficient proof submitted by the plaintiff, render a judgment in his favor. There is nothing, however, in the provisions of the act creating the city court of Thomasville, or in its amendments, which abrogates the general rule that during the term the court has plenary power over all of its judgments and orders, and may modify or vacate them for good cause shown." But "Where, under the provisions of the act creating the city court of Thomasville, *no defense is filed* within the time required by the act, and judgment is rendered in favor of the plaintiff, such a judgment will not be vacated, even during the same term, at the instance of a defendant who shows no reason good in law for his failure to appear and file his defense within the time required by the act. The discretion vested by law in the trial judge is a legal discretion and will be exercised only in cases where the defendant shows a legal reason for its exercise." *Florida Central R. Co.* v. *Luke*, 11 *Ga. App.* 290 (75 S. E. 270). No such reason having been shown in this case, the judge erred in vacating the judgment.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 6, 1919.

Motion to set aside judgment; from city court of Thomasville— Judge W. H. Hammond. February 10, 1919.

*W. V. Custer, Hartsfield & Conger,* for plaintiff.

*J. M. Austin,* for defendant.