(No. 2367. Jan. 31, 1920.)

## ALZUGARAY v. ONZUREZ et al

### SYLLABUS BY THE COURT

1. The provisions of Soldiers' and Sailors' Relief Act March 8, 1918, c 20, § 200, 40 Stat. 441 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 3078¼ bb), requiring the plaintiff, before entry of judgment against a defendant in default, to file an affidavit that defendant is not in the military service, does not entitle the defendant, who was not in such service, to set aside a default judgment against him, where such affidavit was not filed before default judgment was taken.

P. 663

2. Such failure by the plaintiff to file such affidavit before taking default judgment is not an irregularity for which judgment may be set aside under section 4230, Code 1915. P. 665

Appeal from District Court, Eddy County; Richardson, Judge.

Suit to quiet title by Francisco Alzugaray against Primo Onzurez and unknown claimants interested in the premises adverse to plaintiff. Judgment for plaintiff by default, motion to set aside the default judgment overruled, and from a subsequent order setting aside the default, plaintiff appeals. Reversed, with instructions to deny the motion and to reinstate the judgment.

J. M. DILLARD, of Carlsbad, for appellant.

CHAS. H. JONES, of Carlsbad, for appellees.

### OPINION OF THE COURT

RAYNOLDS, J. This is a suit to quiet title brought by the appellant against the appellee and unknown claimants of an interest in certain property sold to the appellant at a tax sale. Judgment was obtained by default against appellee on November 7, 1918. On January 7, 1919, appellee filed a motion to set aside such default judgment, which motion was overruled on the ground that it was not filed within 60 days from the date of the entry of the judgment, as is required by

section 4227, Code 1915. Subsequently, on the 5th day of February, 1919, appellee filed a second motion to set aside the judgment of November 7, 1918, on one ground only, namely, that before entering judgment appellant, plaintiff below, had failed to file an affidavit showing the fact that the defendant Onzurez was not in the military service of the United States, as is required by 40 Stat. at Large, 441, c. 20, art. 2, § 200 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 3078¼bb). This motion was sustained by the trial court, and the default judgment set aside. An affidavit was subsequently filed by the appellant on February 4, 1919, which complied with the statute heretofore referred to. The record in this case further shows that the defendant was not in such military service. From the order setting aside the default judgment this appeal is taken.

[1] The federal statute under which the default judgment was set aside, so far as it is applicable to this case, is as follows:

"3078¼ bb. **Default Judgments; Affidavits; Bonds; Attorneys for Persons in Service.**—In any action or proceeding commenced in any court if there shall be a default of an appearance by the defendant the plaintiff before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. * * * And no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest and the court shall on application make such appointment. Unless it appears that the defendant is not in such service the court may require as a condition before judgment is entered that the plaintiff file a bond approved by the court conditioned to idemnify the defendant, if in military service, against any loss or damage that he may suffer by reason of any judgment should the judgment be thereafter set aside in whole or in part. And the court may make such other and further order or enter such judgment as in its opinion may be necessary to protect the rights of the defendant under this act.

"(2) Any person who shall make or use an affidavit required under this section knowing it to be fa'se shall be guilty

of a misdemeanor and shall be punishable by imprisonment not to exceed one year or by fine not to exceed $1,000, or both.

"(3)   If any action or proceeding in which a person in military service is a party if such party does not personally appear therein or is not represented by an authorized attorney, the court may appoint an attorney to represent him; and in such case a like bond may be required and an order made to protect the rights of such person.   But no attorney appointed under this act to protect a person in military service shall have power to waive any right of the person for whom he is appointed or bind him by his acts.

"(4)   If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof.   Vacating, setting aside, or reversing any judgment because of any of the provisions of this act shall not impair any right or title acquired by any bona fide purchaser for value under such judgment."

40 Stat. at Large, 441, c. 20, art. 2, § 200 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 3078¼ bb.)

The obvious purpose of this act is to prevent default judgments against those persons in the military service of the United States and to safeguard their interests while in such service.

It has been held that failure to file such affidavit was not jurisdictional (State ex. rel. Smith v. District Court [Mont.] 179 Pac. 831), and also that failure to file such affidavit, when in fact the defendant was not in the military service of the United States, did not permit said defendant to take advantage of this failure and have a judgment of default against him set aside upon that ground.

"In view of all these provisions, I conclude that this statute does not affect in any way the right of the courts to assume jurisdiction over individual citizens not engaged in the service specified by the statute; that, in case they have or do assume

such jurisdiction over one in such service, it is their duty, in case attention is called to the fact by either the defendant in service or some one for him, to see to it that such defendant is properly represented by attorney, and the action is stayed unless his interests will not be materially affected or he is by bond indemnified; that in case judgment is taken against him he has full remedy under this fourth clause to have such judgment vacated; that none of these provisions can in any way inure to the benefit of persons not in such service, and therefore, unless one or the other of these defendants can show that he was in such service at the time this judgment was rendered, the failure of that plaintiff to file affidavit that such was not the case becomes wholly immaterial, so far as any right on their part is concerned, to disturb or cause this judgment to be set aside. They do not assert or claim to have been in such service, and, on the contrary, the plaintiff tenders an affidavit that they were not. I can see no reason why such affidavit, uncontradicted by defendants, cannot on this motion be accepted and filed, to show that no injustice in this particular has been done defendants and no error in rendering the judgment to their prejudice has been committed." Howie Mining Co. v. McGary (D. C.) 256 Fed. 38, at page 44.

This act is of recent date, and we have been unable to find other adjudicated cases, but it is apparent from these authorities and the act itself that the provisions do not apply to one who is not in the military service of the United States, and he cannot claim the benefit of such provisions.

[2] It is further urged by the appellee that the filing of such affidavit before judgment is a condition precedent to such judgment, and that the failure to so file the affidavit is an irregularity for which the judgment could be set aside under section 4230, Code 1915.

An irregularity under this statute is defined in Coulter v. Board of County Commissioners, 22 N. M. 24, 158 Pac. 1086, as being "a want of adherence to some prescribed rule or mode of pleading, consisting either of omitting something that is necessary for the due and orderly conduct of the suit, or doing it in an unseasonable time or improper manner." If the provisions of the act in question do not relate to, and cannot be taken advantage of by, one not in the military service of the United States,

the failure to file such affidavit before judgment in such a case is an immaterial and unnecessary step in the proceedings as far as this defendant is concerned, and therefore not an irregularity as above defined.

For the reasons stated above, the district court erred in granting the motion to set aside the default judgment of November 7, 1918, and the case is therefore reversed, with instructions to deny the motion and reinstate the judgment; and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.