SNAPP v. SCOTT et al.

No. 32083. April 2, 1946.

*167 P. 2d 870.*

Hadwiger & Hadwiger, of Alva, for plaintiff in error.

H. C. Crandall, of Alva, for defendants in error.

BAYLESS, J. This action is in its

nature one for specific performance. On and prior to November 4, 1943, defendant in error, Charles W. Scott, also known as C. W. Scott, was the owner of record of a certain 160 acres of land in Woods county, and on or about said date, entered into a contract with plaintiff whereby he agreed to sell and convey said land to plaintiff, subject to an oil and gas lease and subject to reservation of certain oil, gas, and other mineral rights, for the sum of $800. He also agreed to furnish plaintiff an abstract of title. Warranty deed conveying said land to plaintiff was executed by defendant C. W. Scott and his wife, Dorothy Scott, and placed in escrow in the Central National Bank of Alva, and the $800 purchase price was likewise placed in said bank by plaintiff.

About November 20th, defendant delivered to plaintiff an abstract of title covering said land. Plaintiff presented written objections to the title, raising four separate objections. All except one have been satisfactorily cured. The objection upon which this action is based arose as follows: The abstract of title showed that C. W. Scott acquired his title to the land from the four children, the sole heirs, of Goodeth E. Cooper, deceased, who at the time of her death, June 15, 1940, was the owner of the land; that an administrator of the estate of Goodeth E. Cooper was duly appointed and after having fully administered said estate, on January 17, 1941, filed his final account and a petition for determination of heirship and final distribution wherein it was alleged that the only heirs at law of said deceased were Marion Lewis Cooper, Mattie B. McConnell, Charlie Arthur Cooper, and Myrtle May Amweg, her children. Said petition was set for hearing February 7, 1941, and notice was given and published as required by law. On the date of the hearing, no one appeared except the administrator, whereupon the court, upon hearing, entered final decree determining that the four children above named were the only heirs at law of said deceased, and distributing the land to them as such heirs.

Defendant C. W. Scott thereafter obtained deeds from said heirs, conveying said land to him.

In the proceedings and hearing on the petition for determination of heirship and final distribution, there was no affidavit, required in certain cases by the Soldiers' and Sailors' Civil Relief Act of 1940, passed by Congress. 50 U.S.C. A., App. § 521.

Plaintiff asserted that the abstract did not show merchantable title and insisted that defendants cure the defect. Defendants asserted that the abstract showed merchantable title and threatened to withdraw their deed from escrow. Thereupon plaintiff commenced this action against C. W. Scott and wife and said bank, wherein, in effect, he seeks delivery of said deed with the alleged defect and claims abatement or deduction from the purchase price in the sum of $196 for the alleged breach of the agreement to furnish abstract showing merchantable title, alleging the sum of $125 as the reasonable and necessary cost of correcting the title, $21 as the necessary cost of making supplemental abstract which would show the correction in the title, and $50 attorney fee.

Defendants C. W. Scott and Dorothy Scott answered, asserting that the abstract furnished by them showed merchantable title and that they were willing for the bank to deliver the deed to plaintiff upon payment to them of the full purchase price of $800. It is admitted that the defendant bank is a mere stakeholder and not otherwise interested.

The cause was submitted to the court upon an agreed statement fo facts, resulting in a finding that the defendants Scott had submitted to plaintiff a merchantable title and that judgment should be entered for defendants. Judgment was entered accordingly, and plaintiff appeals, asserting that the court erred in not rendering judgment for plaintiff on the pleadings and agreed statement of facts and that the judg-

ment of the trial court is contrary to law.

The sole question is whether, under the record, defendants presented a merchantable title. The only defect in the title asserted by plaintiff is the failure of the administrator of the estate of Goodeth E. Cooper to file the nonmilitary service affidavit called for by the Soldiers' and Sailors' Civil Relief Act of 1940, which provides:

"In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment. Unless it appears that the defendant is not in such service the court may require, as a condition before judgment is entered, that the plaintiff file a bond approved by the court conditioned to indemnify the defendant, if in military service, against any loss or damage that he may suffer by reason of any judgment should the judgment be thereafter set aside in whole or in part. And the court may make such other and further order or enter such judgment as in its opinion may be necessary to protect the rights of the defendant under this act."

At the outset, it may be suggested that there is doubt whether, in an administration proceeding which has reached the stage where nothing remains to be done to close the estate but determination of heirship and final distribution, the administrator, in petitioning for determination of heirship and final distribution, must be treated as a plaintiff and the heirs named in the petition must be treated as defendants so as to call for the affidavit concerning military service under the Soldiers' and Sailors' Civil Relief Act. We need not decide that question in this case.

Plaintiff's action is a collateral attack on the order of the county court determining who were the heirs of Goodeth C. Cooper and decree of final distribution. That order and decree were never appealed from and had long since become final. It is agreed that an affidavit was not filed showing that the persons named in the petition as heirs were not in the military service and it was further agreed that no one appeared at the hearing on said petition, except the administrator. The section of the Soldiers' and Sailors' Civil Relief Act above quoted provides:

"If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of the court directing such entry . . . "

The affidavit is not jurisdictional in that the court has power to direct the entry of judgment notwithstanding absence of the nonmilitary affidavit. Schroeder v. Levy, 222 Ill. App. 252; Eureka Homestead Soc. v. Clark, 145 La. 917, 83 So. 190; Alzugaray v. Onzurez, 25 N. M. 662, 187 P. 549; Jones v. Wooten, 177 N. C. 248, 98 S. E. 706; Woytek v. King (Tex. Civ. App.) 218 S. W. 1081.

In Teague v. Smith, 85 Okla. 12, 204 P. 439, it is held:

"The rule that all presumptions must be indulged favorably to the regularity of proceedings leading to a judgment will be applied to a decree of distribution of an estate, and it will be presumed, in the absence of countervailing evidence, that such a decree is predicated upon sufficient and legal notice."

There is no showing that the county court did not make the proper order directing entry of the decree of distribu-

tion. It may be presumed that such order was made. Hetherington v. Foster, 173 Okla. 440, 49 P. 2d 760; Hetherington v. Falk, 173 Okla. 437, 49 P. 2d 756.

In Esch v. Callaway, Adm'r, 123 Okla. 38, 251 P. 1028, it was held:

"A county court being a court of general jurisdiction in probate matters, all presumptions are in favor of the validity of a decree of distribution, regularly entered, in an administration proceeding of which it has jurisdiction."

"A collateral attack upon a decree of distribution, made by a county court having jurisdiction of the estate being administered, can prevail only where the proceedings are void upon the face of the record, in the absence of fraud."

It was also stipulated that there was no order appointing an attorney to represent an heir at law of the decedent, who might have been in the military service. The act does not require the appointment of an attorney for a defendant who might be in the military service. It requires such appointment only where the defendant is in the military service, and then only upon application for the order. This would require the applicant to make a showing that the defendant was in the military service before the appointment of an attorney to represent him is called for by the act. There was no showing in this case that any defendant was in the military service. Plaintiff made no such allegation in her pleadings and the agreed statement of facts does not show that any of the named parties was at the time, or any time, in the military service.

In State ex rel. v. District Court, 55 Mont. 602, 179 P. 831, in considering the effect of failure to file a nonmilitary service affidavit, the court said:

"The filing of the affidavit does not affect the power of the court to render judgment, nor would the omission to file it affect the judgment after entry or be more than an irregularity within jurisdiction."

In Hynds v. City of Ada, 195 Okla. 465, 158 P. 2d 907, it is said:

"A default judgment taken without the proper affidavit under said section is not void but merely voidable at the instance of a service man on proper showing of prejudice and injury."

Under the rule there stated, only a defendant who was in the military service at the time of default judgment was entered against him may take advantage of the act, and then only upon a showing that his interest has been prejudicially affected thereby.

In the absence of a showing that some one of the heirs of Goodeth E. Cooper, deceased, was in the military service and that his interest was prejudicially affected by the decree of distribution, no defect in the title of C. W. Scott was made to appear.

There was no error in the ruling and judgment of the trial court, and the same is affirmed.

GIBSON, C. J., HURST, V. C. J., and OSBORN, CORN, DAVISON, and ARNOLD, JJ., concur. RILEY, J., dissents.