ANDRÉS JUSTICIA, JR., Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, JOAQUÍN CORREA SUÁREZ, JUDGE, Respondent; CLÍNICA ANTILLAS, Intervener.

No. 2070. Argued May 3, 1954.—Decided May 28, 1954.

584

*Edelmiro Martínez Rivera* and *Edelmiro Martínez, Jr.,* for petitioner. *Leopoldo C. Delucca,* for intervener.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The Clínica Antillas filed a complaint for recovery of money against Andrés Justicia, Jr., in the District Court, San Juan Section. It was alleged in that complaint (1) "That defendant herein owes plaintiff the sum of $714.96, it being past due and an account stated," and (2) "That the debt mentioned in the preceding paragraph is for professional services rendered by plaintiff to appellant." Defendant was summoned but failed to appear within the legal period to oppose the complaint, and, at plaintiff's request, the clerk entered default judgment against defendant for the sum claimed. Plaintiff attached

to the motion for judgment an affidavit of its manager, in which it is stated: "2. That the moneys which defendant Andrés Justicia, Jr., owes plaintiff have not been paid in whole or in part, and that they total the sum of seven hundred fourteen dollars and 96/100 . . . . ($714.96), for services rendered by plaintiff to defendant." "3. That the debt in question is past due and an account stated."

After the judgment became final and unappealable, defendant appeared and moved the court to vacate the judgment and reopen the case alleging, among other grounds, that the judgment by default was a surprise to him since the parties had made an agreement "for the payment of the debt involved herein," and further, that the clerk was without power to enter judgment on the pleadings. After the parties were heard, that motion was overruled. Thereafter, and as a result of the attachment of defendant's car in a proceeding for the execution of the judgment, defendant again moved to vacate the judgment and the attachment. After a hearing, the motion was overruled and thereafter reconsideration denied.

At the request of defendant Justicia, Jr., the San Juan Part of the Superior Court issued a writ of certiorari to review the proceedings above recited, and, after a hearing, that court rendered judgment vacating the judgment of the district court and the attachment levied for the execution of that judgment. At the request of intervener Clínica Antillas, and after hearing the parties, the Superior Court reconsidered its judgment and rendered another discharging the writ issued. To review this judgment we issued the certiorari under consideration.

■■ Petitioner alleges before us that the judgment by default entered by the office of the clerk of the district court is null and void (1) because, plaintiff's claim not being for a sum certain or for a sum which can be made certain by computation, the secretary is without power to enter the

default judgment, the ruling of *Guadalupe* v. *Rodríguez*, 70 P.R.R. 914, not being applicable to the instant case, and (2) because the party in whose favor the judgment in question was entered did not fully comply (jurisdictional requirements, according to his allegation) with Rule 55(*b*)(1) of the Rules of Civil Procedure, since in the affidavit attached to the motion for judgment it is not set forth (*a*) that defendant was not in the military service of the United States, as required by §§ 501 *et seq.* of the Soldiers' and Sailors' Civil Relief Act of 1940, and (*b*) that defendant was not an incompetent person or an infant.

Petitioner is not right. Rule 55(*b*)(1) provides:

"(*b*) *Judgment.*—Judgment by default may be entered as follows:

"(1) *By the Clerk.*—When the plaintiff's claim against defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person."

Pursuant to the provisions of that rule, the clerk shall enter judgment against the defendant if he has been defaulted for failure to appear, whenever plaintiff's claim is for *a sum certain* or for *a sum which can by computation be made certain.* Plaintiff's claim in the instant case is for the sum of $714.96, which is allegedly overdue and an account stated. In *Guadalupe* v. *Rodríguez*, *supra*, rightly applied by the respondent court to the facts of the case at bar, it was held that a complaint averring that the account (balance of a current account) is "an account stated", implies the following facts: that the balance of the account has been accepted as correct by the debtor and that it is due. We verily fail to see how petitioner can place the facts of this case outside the doctrine announced in the *Guadalupe* case, *supra*. The fact that the complaint alleges the nature of

the debt, namely, that the sum claimed is for *services rendered* to defendant, does not imply that the claim made is for the reasonable value of those services, when it is expressly alleged that the sum claimed is due and an account stated. The cases cited by petitioner in his brief are distinguishable. In *Román* v. *Municipal Court*, 59 P.R.R. 483, and *Martínez* v. *Figueroa*, 50 P.R.R. 908, action was brought for the recovery of promissory notes which stipulated for the payment of attorney's fees without fixing a liquid and specific amount for such purpose. In *Rivera* v. *District Court*, 44 P.R.R. 796, action was brought to recover the *reasonable value* of goods sold or services rendered. In *De León* v. *Pérez et al.*, 54 P.R.R. 202, an item was claimed for provisions sold on credit without alleging that the account was liquid. In *Trucharte* v. *Fernández*, 44 P.R.R. 801, the value of services rendered (sale of real property) was claimed in a second cause of action, but it was not alleged that the sum claimed for such services was liquid. In *Congress Cigar Co., Inc.* v. *Grau*, 44 P.R.R. 626, action was brought for recovery of money based on an unliquidated contract for advances where the tobacco delivered by the debtor had not been appraised. And in *Benítez et al.* v. *District Court*, 36 P.R.R. 408, the recovery sought was neither for a certain or definite amount, since the claim was for materials sold on credit and it was not alleged that the amount claimed was liquidated.

We now turn to consider the sufficiency of the affidavit which plaintiff attached to his motion for judgment. Under Rule 55 (*b*) (1) of the Rules of Civil Procedure, plaintiff has the right to request the clerk to enter judgment by default in his favor only when (1) the claim is for a sum certain or for a sum which can by computation be made certain, (2) the defendant has been defaulted for failure to appear, and (3) defendant is not an infant or incompetent person. We must also consider in connection with this rule

§ 200 of the Soldiers' and Sailors' Civil Relief Act of 1940,[1] which is still in force.[2] That Section provides in part as follows:

"In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. *If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry,* and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment." (Italics ours.)

The provisions of this Act inure only to the benefit of those persons covered, and the requirement that an affidavit shall be filed before entry of judgment by default is not jurisdictional, wherefore the fact that such affidavit was not filed does not entitle defendant, who was not actually in the service, to have vacated a default judgment entered against him. *Howie Mining Co.* v. *M'Gary,* 256 F. 2d 38; *Alzugaray* v. *Onzurez,* 187 Pac. 549; *Harrell* v. *Shealey,* 100 S. E. 800; *Schroeder* v. *Levy,* 222 Ill. App. 252; *B. & B. Sulphur Co.* v. *Kelly,* 141 P. 2d 908; 6 Moore's *Fed. Practice,* p. 1837. A default judgment, taken without affidavit set-

---

[1] 54 Stat. 1178; 50 U.S.C.A. App. 507. This Act is substantially a re-enactment of the 1918 Act of the same name. *Boone* v. *Lightner,* 319 U. S. 561; *Helberg* v. *Warner,* 48 N. E. 2d 972.

[2] Regarding the termination-date clause of that Act, see 50 U.S.C.A. App., § 584; Joint Resolution of July 25, 1947, 61 Stat. 449; Selective Service Act of 1948, 62 Stat. 604, 623 (§ 14). In connection with the latter Act, the Soldiers' and Sailors' Civil Relief Act of 1940 is in full force and effect and shall so remain until a subsequent Act of Congress terminates it. The said termination-date clause has not been affected by subsequent amendments. See 50 U.S.C.A. App. 636, § 584.

ting forth that defendant is not in the military service, is not void but merely voidable at the instance of the person covered by the Act (service man), on proper showing of prejudice and injury. *Mims Bros.* v. *N. A. James*, 174 S.W. 2d 276; *Hynds* v. *City of Ada ex rel. Mitchell*, 158 P. 2d 907; *Snapp* v. *Scott*, 167 P. 2d 870; 50 U.S.C.A. App. 533, § 520; 30 A.L.R. 774, 137 A.L.R. 451, 140 A.L.R. 1509, 141 A.L.R. 1515, 142 A.L.R. 1514, 143 A.L.R. 1525, and 144 A.L.R. 1511.

■ Petitioner herein did not allege that he is in the military service. He cannot therefore invoke the provisions of the federal statute to have vacated and set aside the default judgment entered against him.

■ Likewise, the fact that the affidavit does not set forth that defendant is not an infant or incompetent person does not render void the default judgment entered by the clerk under the provisions of Rule 55 (*b*) (1). What the rule does require is that the clerk be furnished with an *affidavit of the amount due* before entering default judgment. The provision respecting an infant or incompetent person is a limitation on the powers of the clerk, as is the case with persons in the military service. If the defendant who defaulted for failure to appear is an infant or incompetent person, the judgment entered by the clerk is null and void, since under the Rules he is without power to enter default judgments against such persons. However, if defendant is not an infant or an incompetent person, as is the case here, the judgment is valid and should not be vacated or set aside solely on the ground that the affidavit does not set forth that defendant is not an infant or incompetent person. The purpose of this Rule is to protect the interests and rights of infants and incompetent persons. We fail to see how a person who is neither one nor the other may invoke in his favor the benefits of such provisions.

Since the default judgment entered by the office of the clerk of the district court against petitioner herein is valid, the Superior Court acted correctly in so holding. Consequently, the writ of certiorari issued by this Court will be discharged.

Mr. Justice Marrero and Mr. Justice Sifre did not participate herein.