ANDRÉS JUSTICIA, JR., peticionario *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, Sala de San Juan, HON. JOAQUÍN CORREA SUÁREZ, JUEZ, demandado; CLÍNICA ANTILLAS, interventora.

Número 2070.
*Sometido:* 3 de mayo de 1954.   *Resuelto:* 28 de mayo de 1954.

*Edelmiro Martínez Rivera* y *Edelmiro Martínez, Jr.*, abogados del peticionario; *Leopoldo C. Delucca*, abogado de la interventora.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del tribunal.

La Clínica Antillas interpuso demanda en cobro de dinero contra Andrés Justicia, Jr., ante el Tribunal de Distrito, Sala de San Juan. Alegó en dicha demanda, (1) "Que el aquí de-mandado adeuda a la aquí demandante la suma de $714.96, estando dicha deuda vencida y siendo la misma líquida y exigible", y (2) "Que la deuda a que se refiere el precedente anterior es por concepto de servicios prestados por la demandante al demandado." Emplazado el demandado, no compareció a oponerse a la demanda dentro del término legal y a solicitud de la demandante la secretaria del referido tribunal anotó la rebeldía del demandado y registró sentencia en su contra por la suma reclamada. A la solicitud de sentencia, la demandante acompañó una declaración jurada de su Administrador en la que éste hizo constar: "2. Que los dineros adeudados a la demandante por el demandado Andrés Justicia, Jr., no han sido pagados ni en todo ni en parte, y que ascienden a la suma de setecientos catorce dólares con 96/100 . . . . . (714.96), por concepto de servicios prestados por la demandante al demandado." "3. Que la deuda de referencia está vencida, es líquida y es exigible."

Después de ser firme la indicada sentencia, compareció el demandado solicitando del Tribunal de Distrito que la dejara sin efecto y reabriera el caso alegando, entre otros motivos, que la sentencia en rebeldía constituía una sorpresa para él ya que entre las partes había mediado un acuerdo "para el pago de la cuenta a que se contrae este caso" y además, que la secretaria carecía de facultad para registrar sentencia bajo las alegaciones de la demanda. Dicha solicitud, una vez oídas las partes, fué declarada sin lugar. Posteriormente y

con motivo de haberse embargado un automóvil del demandado en procedimiento para ejecutar la sentencia, volvió dicho demandado a solicitar que se anulara la ameritada sentencia y el embargo así trabado. Discutida esta solicitud, fué declarada sin lugar y denegada luego la reconsideración solicitada.

A petición del demandado Justicia, Jr., el Tribunal Superior, Sala de San Juan, expidió un auto de *certiorari* para revisar los procedimientos que dejamos reseñados y una vez celebrada la vista correspondiente el indicado tribunal dictó sentencia anulando la dictada por el Tribunal de Distrito y el embargo trabado para su ejecución. A solicitud de la interventora Clínica Antillas, y después de oír a las partes, el Tribunal Superior reconsideró su sentencia y dictó otra anulando el auto expedido. Para revisar esta sentencia expedimos el auto de *certiorari* que estamos ahora considerando.

■■ El peticionario alega ante nos que la sentencia en rebeldía anotada por la secretaria del Tribunal de Distrito es nula (1) porque no siendo la reclamación de la demandante por una suma determinada o por una suma que pueda determinarse mediante cálculo, dicha secretaria carecía de facultad para anotar la sentencia no siendo de aplicación a este caso lo resuelto en el de *Guadalupe* v. *Rodríguez*, 70 D.P.R. 958, y (2) porque la parte a cuyo favor se dictó la indicada sentencia no dió cumplimiento estricto (requisitos de carácter jurisdiccional según alega) a la Regla 55 (*b*) (1) de Enjuiciamiento Civil toda vez que en la declaración jurada que se acompañó a la solicitud de sentencia no se expresa (*a*) que el demandado no formaba parte de las fuerzas armadas de los Estados Unidos según lo requiere la sec. 501 y siguientes del "*Soldier's and Sailor's Civil Relief Act*" de 1940, y (*b*) que el demandado no era una persona incapacitada o un menor de edad.

No tiene razón el peticionario. La Regla 55 (*b*) (1) dispone: "(*b*) Sentencia:—Podrá dictarse sentencia en rebeldía en los siguientes casos:

"(1) Por el Secretario.—Cuando la reclamación del deman-dante contra un demandado sea por una suma determinada o por una suma que pueda determinarse mediante cálculo, el secretario a petición del demandante y al presentársele declaración jurada de la cantidad adeudada, anotará sentencia por dicha cantidad y las costas contra el demandado cuando éste haya sido declarado en rebeldía por no comparecer, siempre que no se trate de un menor o persona incapacitada."

A tenor con lo dispuesto en dicha regla, el secretario puede anotar sentencia contra un demandado en rebeldía por no comparecer, cuando la reclamación del demandante sea por *una suma determinada* o por *una suma que pueda determinarse mediante cálculo.* La reclamación de la demandante en este caso es por la suma de $714.96, la que según se alega, está vencida, es líquida y exigible. En *Guadalupe* v. *Rodríguez,* supra, aplicado correctamente por la corte recurrida a los hechos de este caso, resolvimos que una demanda que alegue que la cuenta que en ella se reclama (balance de una cuenta corriente) es "líquida y exigible", expone hechos a saber: que el residuo de la cuenta ha sido aceptado como correcto por el deudor y que está vencido. En verdad no vemos cómo el peticionario pueda situar los hechos de este caso fuera de la doctrina del caso de *Guadalupe,* supra. El hecho de que se alegue en la demanda el concepto de la deuda, o sea, que la suma reclamada proviene de *servicios prestados* al demandado no implica que se esté reclamando el valor razonable de esos servicios, cuando expresamente se ha alegado que la suma reclamada está vencida, es líquida y exigible. Los casos citados por el peticionario en su alegato son distinguibles. En *Román* v. *Corte Mpal.,* 59 D.P.R. 482 y *Martínez* v. *Figueroa,* 50 D.P.R. 951, se cobraban pagarés en los que se había convenido el pago de honorarios de abogado sin fijarse cantidad líquida y específica a ese fin. En *Rivera* v. *Corte,* 44 D.P.R. 817, se reclamaba el *valor razonable* de bienes vendidos o servicios prestados. En *De León* v. *Pérez,* 54 D.P.R. 215, se reclamaba una partida por concepto de provisiones vendidas a crédito y no se alegó que la cuenta fuera

líquida. En *Trucharte* v. *Fernández*, 44 D.P.R. 822, se reclamaba en una segunda causa de acción el valor de servicios prestados (gestiones para vender bienes raíces), sin alegarse que la suma reclamada por tales servicios fuera líquida. En *Congress Cigar Co., Inc.* v. *Grau*, 44 D.P.R. 649, se trataba de una acción en cobro de dinero basada en un contrato refaccionario que no había sido liquidado ni valorado el tabaco entregado por el deudor, y en *Benítez* v. *Corte de Distrito*, 36 D.P.R. 450, tampoco se trataba del cobro de una cantidad fija y determinada ya que la acción era una en reclamación de materiales vendidos a crédito y no se alegó que la suma reclamada era líquida.

▆▆▆▆ Pasaremos ahora a considerar la suficiencia de la declaración jurada que la demandante acompañó a su solicitud de sentencia. Bajo la Regla 55 (*b*) (1) de Enjuiciamiento Civil, una vez anotada la rebeldía, el demandante tiene derecho a que por el secretario se registre sentencia en rebeldía a su favor solamente cuando (1) la reclamación sea por una suma determinada o por una suma que pueda determinarse mediante cálculo, (2) la rebeldía sea por falta de comparecencia, y (3) el demandado no sea un menor o persona incapacitada. En relación con esta regla hay que considerar también la sec. 200 del "Soldier's and Sailor's Civil Relief Act of 1940", (1) aun en vigor. (2) Dicha sección dispone en parte lo siguiente:

"En toda acción o procedimiento iniciados ante cualquier corte, si el demandado dejare de comparecer, el demandante, antes de que se dicte sentencia radicará en la corte una decla-

---

(1) 54 Sat. 1178; 50 App. U.S.C.A., pág. 507. Esta ley fué sustancialmente una re-enactación de la Ley de 1918 del mismo nombre. *Boone* v. *Lightner*, 319 U. S. 561; *Hellberg* v. *Warner*, 48 N.E.2d 972.

(2) En cuanto a la cláusula de vigencia de dicha ley véase 50 *U.S.C.A. App.*, sec. 584; *Joint Resolution of July 25, 1947*, 61 Stat. 449; *"Selective Service Act of 1948"*, 62 Sat., págs. 604, 623, (sec. 14). Conforme a esta última ley el *"Soldier's and Sailor's Civil Relief Act of 1940"* continúa en vigor hasta que sea derogada o que de otra manera se decretara su terminación por el Congreso. Las enmiendas posteriores no han afectado dicha cláusula de vigencia. Véase 50 U.S.C.A. App., pág. 636, sec. 584.

ración jurada exponiendo hechos demostrativos de que el demandado no se halla en servicio militar. · De no serle posible radicar semejante declaración jurada, el demandante radicará en su lugar una declaración jurada haciendo constar que el demandado está en el servicio militar o que al demandante no le es posible determinar si el demandado está o no en tal servicio. *De no radicarse una declaración jurada demostrativa de que el demandado no está en el servicio militar, no se dictará sentencia alguna sin obtener previamente una orden de la corte a ese efecto,* y no se dictará tal orden si el demandado está .en tal servicio hasta tanto el tribunal designe un abogado al demandado para que le represente y proteja sus intereses, y al hacérsele una solicitud a ese efecto la corte hará tal nombramiento." (Bastardillas nuestras.)

Las disposiciones de esta ley benefician solamente a aquellas personas incluídas en la misma, y el requisito de la declaración jurada (*affidavit*) antes de que se registre la sentencia en rebeldía no es jurisdiccional, por lo que la falta de tal declaración jurada cuando en realidad el demandado no está en el servicio militar, no es motivo para que la sentencia se deje sin efecto. *Howie Mining Co.* v. *McGary*, 256 Fed. 38; *Alzugaray* v. *Onzurez*, 187 Pac. 549; *Harrell* v. *Shealey*, 100 S.E. 800; *Schroeder* v. *Levy*, 222 Ill. App. 252; *B. & B. Sulphur Co.* v. *Kelley*, 141 P.2d 908; 6 Moore's *Federal Practice*, pág. 1837. La sentencia dictada en rebeldía sin el requisito de la declaración jurada respecto a que el demandado no está en el servicio militar no es nula y sí anulable a solicitud de la persona cubierta por la ley (persona en el servicio militar), siempre que demuestre que la sentencia le ha causado perjuicios o daño. *Mims Bros.* v. *N. A. James*, 174 S.W.2d 276; *Hynds* v. *City of Ada ex rel. Mitchell*, 158 P.2d 907; *Snapp* v. *Scott*, 167 P.2d 870; 50 U.S.C.A. App., pág. 533, sec. 520; 30 A.L.R. 774; 137 A.L.R. 451; 140 A.L.R. 1509; 141 A.L.R. 1515; 142 A.L.R. 1514; 143 A.L.R. 1525 y 144 A.L.R. 1511.

El peticionario en este caso no ha alegado que él esté en el servicio militar. Por lo tanto, no puede invocar las dis-

posiciones del indicado estatuto federal para que se anule y deje sin efecto la sentencia en rebeldía dictada en su contra.

El hecho de que en la declaración jurada no se exprese que el demandado no es un menor o persona incapacitada tampoco produce la nulidad de la sentencia en rebeldía anotada por el secretario bajo las disposiciones de la Regla 55(*b*)(1). Lo que exige esta regla es que al secretario se le presente *declaración jurada de la cantidad adeudada,* antes de anotar la sentencia en rebeldía. La disposición respecto al menor o persona incapacitada es una limitación a las facultades del secretario, tal y como ocurre en el caso de personas en el servicio militar. Si el demandado en rebeldía por no comparecer es un menor o persona incapacitada, la sentencia anotada por el secretario es nula porque las Reglas no le facultan para anotar sentencias en rebeldía contra estas personas; pero si el demandado no es, como resulta no ser en este caso, un menor o persona incapacitada, la sentencia es válida y no debe anularse o dejarse sin efecto por el único motivo de que en la declaración jurada no se diga que el demandado no es un menor o persona incapacitada. El propósito de esta Regla es proteger los intereses y derechos de los menores e incapacitados. No vemos cómo una persona que no sea lo uno ni lo otro, pueda invocar a su favor los beneficios de tales disposiciones.

Siendo válida la sentencia en rebeldía dictada por la secretaria del Tribunal de Distrito contra el aquí peticionario, actuó correctamente el Tribunal Superior al así resolverlo. *En su consecuencia el auto de certiorari que expedimos será anulado.*

Los Jueces Asociados Sres. Marrero y Sifre, no intervinieron.