**THOMPSON, Plaintiff, v. LOWMAN, Defendant.**

Common Pleas Court, Fayette County.

No. 22452. Decided May 31, 1958.

Marie A. Joniec, Canton, for plaintiff.
Hamilton & Kramer, Columbus, for defendant.

## OPINION

By CASE, J.

This action was instituted to recover damages for personal injuries

arising out of a collision between the respective automobiles of the parties hereto on March 16, 1957.

The files and records show that plaintiff's petition was filed on March 28, 1958, and reads as follows:

"Now comes the plaintiff, James Thompson, and says that at all times hereinafter referred to, he was the owner of a 1950 Studebaker automobile.

"Plaintiff further says that on or about the 16th day of March, 1957, at or about the hour of 3:30 o'clock A. M., he was operating his said automobile in a westerly direction on Route No. 3, approximately six miles West of Washington Court House, Ohio; that said Route No. 3 is a duly dedicated State route running in an easterly and westerly direction; and that at the above described location, the said Route No. 3 makes a curved turn towards the South.

"Plaintiff further says that while he was driving his said automobile at the time and place aforesaid, the defendant, James Wilbert Lowman, was driving his 1950 Ford in an easterly direction on said Route No. 3; that as he approached said curve on the right side of the center line, the defendant drove around said curve on the left side of said center line and collided with the automobile being driven by the plaintiff.

"Plaintiff further says that said collision directly and proximately caused the said 1950 Studebaker automobile to turn over and that said collision was directly and proximately caused by the negligence of the defendant in the following respects, to-wit:

"1. In failing to have his automobile under control;

"2. In driving across and to the left of said center line;

"3. In failing to stop, turn, or alter the course of his car in time to avoid said collision.

"Plaintiff further says that as a direct and proximate result of the negligence of the defendant as hereinbefore stated, he was injured by being thrown against the sides, top, and front side windows of the said 1950 Studebaker automobile, so that he was thereby internally and externally injured; that he received multiple lacerations and abrasions of the forehead; contusions of the face and arms; a whiplash injury and a severe sprain of the neck; and injury to the cervical plexus; lacerations of the right wrist; contusions of the right bicep muscle, and an injury to the ulnar nerve. Plaintiff further states that by reason of said injuries, plaintiff has suffered a decrease in his hearing in the right ear and is loosing and will continue to loose the use of his right arm and the grasping power in his right hand.

"Plaintiff further says that his entire nervous system has been shocked and depleted, and that he has suffered severe pain, discomfort, and mental anguish and will continue to suffer considerable pain and mental anguish in the future.

"Plaintiff says that it was necessary for him to secure the services of a physician, surgeon, and a hospital to treat his injuries; that by reason thereof, he has incurred an expense, and will continue to require the services of a physician for some time to come and believes that his total medical expenses will amount to approximately Two Thousand Dollars ($2000.00).

"Plaintiff further says that prior to the time of said accident, plaintiff was in good health and physical condition and was capable and did earn Sixty-five Dollars per week; and that by reason thereof, plaintiff has been unable to engage full time in gainful work, all to the damage of the plaintiff.

"Plaintiff further states that he has reasonable grounds to believe and does believe that his injuries are permanent.

"WHEREFORE, Plaintiff prays for judgment against the defendant in the sum of One Hundred Fifty Thousand Dollars ($150,000), together with the costs herein expended."

The files and records also show that the following motion was filed herein on April 29, 1958:

"Now comes the plaintiff, James Thompson, by his attorney, and moves the Court for Judgment upon the petition filed herein, the defendant, James Wilbert Lowman, being in default of answer or other pleadings."

And, on April 29, 1958, this Court made and issued the following entry:

"The Court, coming now to consider Plaintiff's motion filed this date for judgment upon his petition, and it appearing that Defendant was duly served in this cause as required by law on April 3, 1958, and that said defendant is in default for answer or other pleading as provided by law, do find:

"That, upon consideration of the files and records in this cause, it appears that Plaintiff's motion is well made and should be sustained;

"That, Defendant, James Wilbert Lowman, being in default of answer or other pleading, judgment should be rendered in favor of Plaintiff and against Defendant; and

"That this cause should be scheduled and assigned for hearing on Wednesday, May 14, 1958, at 10:00 A. M., for the purpose of taking proof of and assessing damages.

"It is, therefore, ORDERED, ADJUDGED AND DECREED that Plaintiff's aforesaid motion be, and hereby the same is, sustained;

"It is further ORDERED, ADJUDGED AND DECREED that judgment be, and hereby judgment is, rendered in favor of Plaintiff and against Defendant on the pleadings; and

"It is further ORDERED that this cause be, and hereby the same is, scheduled and assigned for hearing on Wednesday, May 14, 1958, at 10:00 A. M., for the purpose of taking proof of and assessing damages.

"It is further ordered that a copy of this entry and order be served by mailing same, registered mail, return receipt requested, to Defendant at his address of record herein."

The files and records further show that such copy of said entry and order was so mailed and received by said defendant on April 30, 1958.

On May 9, 1958, the following motion, memorandum and affidavit were filed herein on behalf of defendant, James Wilbert Lowman:

"MOTION

"Now comes the defendant, James Wilbert Lowman, and moves the Court for an order vacating and setting aside the Entry filed herein on

April 29, 1958, which said Entry ordered a default judgment entered in favor of the plaintiff.

"Defendant further moves the Court for leave to file an Answer to the Petition of the plaintiff and tenders herewith his Answer responsive to the issues made in the Petition."

"MEMORANDUM

"In support of the foregoing Motion the Court is respectfully referred to the affidavit of the defendant, James Wilbert Lowman, which shows that he is now and has been since January 3, 1956 in the active service as a member of the United States Air Force, with the 87th Fighter Interceptor Squadron, and who has been stationed at Lockbourne Air Force Base, southeast of Columbus, Ohio since August 1, 1956.

"The Court by inspecting the files and records in this cause will see that no affidavit was filed by the plaintiff at the time or prior to taking the default judgment to make a showing that the defendant was not on active duty in the armed services. The failure by the plaintiff to comply with the express provisions of the Soldiers and Sailors Civil Relief Act of 1940 (Title 50, U. S. C. A. Appendix Sec. 520) makes the Entry of the default judgment irregular and void. As shown by the Affidavit of the defendant during all of the period after he was served with summons he was on his official duties at the Lockbourne Air Force Base and he was unable to obtain counsel. The provisions of the Soldiers And Sailors Civil Relief Act which apply to this situation are in part as follows:

" '(1) In any action or proceeding commenced in any Court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment **shall** file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such an affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in military service, no judgment shall be entered without first securing an order of the court directing such entry, and **no such order shall be made if the defendant is in until after the** court shall have appointed an attorney to represent **defendant and protect his interest,** and the court shall on application make such appointment.' (Emphasis added.)

"It has been uniformly held by the Courts that the Soldiers and Sailors Civil Relief Act of 1940 is an Act for the sole and exclusive benefit of the members of the armed services and when it appears that a defendant in an action in any Court is a member of the armed services on active duty, the Court is required under the terms of said Act to see that the interests of said defendant are adequately protected.

"The plaint conditions of the Federal Statute require that the procedure therein provided for be followed and carried out before a default judgment may be properly entered. In this case the fact is clear that there was no attempt made on the part of the plaintiff to comply with the provisions of the Act. The judgment Entry, therefore, has been

irregularly obtained by the plaintiff and should be vacated and defendant permitted to answer to the petition."

"AFFIDAVIT

"James Wilbert Lowman, being first duly sworn, deposes and says that he is the defendant in the foregoing case; that from the time he was served with a summons in this case up until the present time he has been on active duty in the United States Air Force with the 87th Fighter Interceptor Squadron and has been residing at the Lockbourne Air Force Base, approximately twelve miles southeast of the City of Columbus, Ohio. His serial No. is AF-165-25663.

"Affiant further says that he enlisted in the Air Force at Indianapolis, Indiana on the 3rd day of January, 1956, when he was eighteen years old. Affiant further says that he had no opportunity to obtain counsel to represent him in said proceeding and actually did not consult with counsel until he talked to Mr. Hamilton and Mr. Kramer on May 3, 1958; that at that time they explained to affiant that a default judgment had been taken against him in the above case and explained to affiant what the meaning was of the term, and that at that time he arranged for them to represent him in said action.

"Further affiant saith not."

The files and records further show that the following notice was filed on May 9, 1958, and a copy thereof mailed to plaintiff's attorney:

"Plaintiff will take Notice that the Motion of the defendant in the foregoing cause will come on for oral hearing before the Honorable John Case, Judge of said Court, on Wednesday, May 14, 1958 at ten o'clock, A. M., Washington Court House, Ohio."

Subsequent to the receipt thereof, plaintiff's attorney made an oral application to the Court requesting that the hearing for the purpose of taking proof of and assessing damages, as scheduled and assigned by the aforesaid entry of April 29, 1958, be postponed to a date to be fixed by the Court and same was approved with the consent of counsel for defendant.

Defendant's said motion came on for hearing and was heard on May 14, 1958, at which time defendant's attorneys completed a tender of the answer referred to in the second paragraph of defendant's said motion and same was merely placed in the file until such time as this Court has granted or denied defendant's motion for leave to file same.

At said hearing, plaintiff's attorney filed and submitted to defendant's counsel the following brief:

"The court's attention is invited to the Soldiers' and Sailors' Civil Relief Act of 1940, Title 50, USCA Appendix, No. 520, Sub-sections 1 and 4:

"'(1) In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such

service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment. Unless it appears that the defendant is not in such service the court may require, as a condition before judgment is entered, that the plaintiff file a bond approved by the court conditioned to indemnify the defendant, if in military service, against any loss or damage that he may suffer by reason of any judgment should the judgment be thereafter set aside in whole or in part. And the court may make such other and further order or enter such judgment as in its opinion may be necessary to protect the rights of the defendant under this Act (No. 501 et seq. of this appendix).

"(4) If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, **and it appears that such person was prejudiced by reason of his military service in making his defense thereto,** such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; **provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof.** Vacating, setting aside, or reversing any judgment because of any of the provisions of this Act (No. 501 et seq. of this Appendix) shall not impair any right or title acquired by any bona fide purchaser for value under such judgment. (Oct. 17, 1940, c. 888, No. 200, 54 Stat. 1180). (Emphasis ours.)

"It is the contention of the plaintiff that Sub-section 1 of No. 520, Soldiers' and Sailors' Civil Relief Act of 1940, Title 50, USCA Appendix, is not applicable to the issues in question. The affidavit concerning military service of a defendant is not jurisdictional in that the Act authorizes entry of judgment notwithstanding the absence of the affidavit when an order directing such entry has been secured.

"Sub-section 4 of No. 520 of the Soldiers' and Sailors' Civil Relief Act of 1940, Title 50, USCA Appendix, specifically provides that a default judgment rendered in any action or governed by this proceeding may be opened by the court if it appears that the defendant was prejudiced by reason of his military service in making a defense thereto and provided that the defendant has a meritorious or legal defense to the action or any part thereof.

"Plaintiff is unable to locate any statements in defendant's motion or affidavit stating that the defendant was prejudiced by reason of his military service in making a defense to this action and that he has a meritorious or legal defense to the action or some part thereof.

"It is the plaintiff's contention that Sub-section 4 of No. 520 of the Soldiers' and Sailors' Civil Relief Act of 1940, Title 50, USCA Appendix,

specifically provides that the application for vacating, setting aside or reversing any default judgment must state that the defendant was prejudiced by reason of his military service in making a defense and must set forth in said application defendant's meritorious or legal defense to said action.

"In response to defendant's statement that the failure of the plaintiff to comply with the express provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, Title 50, USCA, Appendix, No. 520, makes the entry of default judgment irregular and void, the court's attention is invited to Snapp v. Scott, et al, 167 P. 2d 870, Syllabus 5:

" '(5) A default judgment taken without the affidavit required by the Soldiers' and Sailors' Civil Relief Act of 1940, 50, USCA Appendix, No. 520 is not void but voidable only at the instance of a service man, and by him only upon proper showing of prejudice and injury.'

"The court's attention is further directed to Hynds, et al v. City of Ada, ex rel, Mitchell, et al, 158 P. 2d 907, which held that a default judgment taken without proper affidavit under Section 20 of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 USCA Appendix, is not void but merely voidable at the instance of a service man on proper showing of prejudice and injury.

"The court's attention is invited to Lyle v. Hasking, 168 Pacific 2nd Ed., 797; Bell v. Niven, 35 S. E., 2nd Ed., 182; and Morris Plan Bank of Georgia v. Hadsall, 41 S. E., 2nd Ed., 881, relative to an analysis of law applicable to default judgments granted by the court without the filing of an affidavit setting forth facts showing that the defendant is in military service. The courts have held in the above matters that default judgments entered without complying with the Soldiers' and Sailors' Civil Relief Act of 1940, 50 USCA Appendix, are not void but only voidable at the instance of the service man and then only upon a proper showing that his interest has been prejudicially affected by reason of his military service and that said service man has a legal or meritorious defense.

"Inasmuch as the defendant in his affidavit and motion failed to aver or establish facts indicating that he has been prejudiced by reason of his military service or that he has a legal or meritorious defense, plaintiff believes that defendant's motion should be overruled."

Upon due consideration of all matters of record herein, it clearly appears and the Court do find:

1. That plaintiff's action was instituted in this Court as provided by law;

2. That Defendant was served with summons as required by law;

3. That Defendant failed to answer, demurrer, or otherwise plead or enter any appearance within the time prescribed by state statute;

4. That an entry of default judgment for Plaintiff and against Defendant was made and entered on April 29, 1958;

5. That, before said default judgment entry was made and entered, plaintiff failed to file any affidavit as directed by the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, Title 50, USCA Appendix, Section 520, Subsection 1;

6. That Defendant received a copy of said default judgment entry on April 30, 1958;

7. That, from the time Defendant was served with summons in this action and up to the time Defendant's motion, memorandum and affidavit were filed herein, on May 9, 1958, Defendant had been on active duty in the United States Air Force with the 87th Fighter Interceptor Squadron and had resided at the Lockbourne Air Force Base, approximately twelve miles southeast of the City of Columbus, Ohio;

8. That, from the time Defendant was served with summons in this action and up to the time Defendant's motion, memorandum and affidavit were filed herein, Defendant actually did not consult with counsel until on May 3, 1958;

9. That Defendant's affidavit herein was executed on May 6, 1958, while he was on active duty in the United States Air Force with the 87th Fighter Interceptor Squadron and residing at the Lockbourne Air Force Base, approximately twelve miles southeast of the City of Columbus, Ohio;

10. That, at the hearing upon Defendant's motion herein, on May 14, 1958, Defendant was not present and the Court asked Defendant's counsel if it would be desirable to continue said hearing to a time when Defendant would be present and testify concerning his efforts to obtain counsel, or his lack of opportunity to obtain counsel, prior to May 3, 1958, and to testify in what manner and to what extent Defendant was prejudiced by reason of his military service in making his defense to the within action prior to May 3, 1958;

11. That Defendant's counsel thereupon represented to the Court that no continuance of said hearing was desired by Defendant in order to produce such testimony; and Defendant's counsel further represented to the Court that the testimony of Defendant upon a continuance of said hearing would produce only a repetition of that information which was already before the Court;

12. That Defendant's statement in his affidavit,—"that he had no opportunity to obtain counsel to represent him"—raised a question of fact to be considered by this Court in the light of all facts and circumstances shown by the record herein;

13. That Defendant's motion fails to state and set forth the ground, or grounds, upon which the first paragraph of his motion, seeking to vacate and set aside said default judgment, is based;

14. That, in the second paragraph of Defendant's memorandum in support of his motion, Defendant cites and sets forth the provisions of Subsection (1) of Section 520 of Title 50 (Soldiers' and Sailors' Civil Relief Act of 1940), and therein contends that Plaintiff's failure to comply with said provisions "makes the Entry of the default judgment irregular and void";

15. That, upon due consideration of the statute and case law applicable thereto, it clearly appears this contention on the part of Defendant is without merit or support; for it is a well established rule of law that a "default judgment taken without proper affidavit required by Soldiers' and Sailors' Civil Relief Act is not void but merely voidable

at instance of a serviceman on proper showing of prejudice and injury. Soldiers' and Sailors' Civil Relief Act of 1940 No. 200 et seq., 50 U. S. C. A. Appendix, No. 520 et seq." (Quoted from headnote 5, Hynds et al. v. City of Ada ex rel. Mitchell et al., 158 Pacific Reporter, 2d Series, 907, at page 908);

16. That Defendant's motion fails to state and set forth the ground, or grounds, upon which the second paragraph of his motion, seeking leave to file an answer to the petition of the plaintiff, is based;

17. That, in the last paragraph of Defendant's memorandum in support of his motion, Defendant contends that, since no attempt was made on the part of Plaintiff to comply with the provisions of the Soldiers' and Sailors' Civil Relief Act (Title 50, U. S. C. A. Appendix Sec. 520, Subsec. 1), the judgment entry was irregularly obtained by the plaintiff and should be vacated and Defendant permitted to answer to the petition;

18. That, upon due consideration of the statute and case law applicable thereto, it clearly apears this contention on the part of Defendant is without merit or support; for it is a well established rule of law that "the Act provides its own remedy when a judgment is rendered against a person in military service, in the provisions in No. 520 (4) for the reopening of the judgment to let in the defendant and his legal representative to defend, upon application within ninety days after termination of the military service." (Quoted from Duggan v. Franklin Square Nat. Bank, 170 Federal Reporter, 2d Series, 922, at page 924);

19. That, this Court, in the interest of justice, should and must consider Defendant's motion, memorandum and affidavit herein as component parts constituting an application by the Defendant within the meaning and intent of the remedial provisions of subsection (4) of said Section 520;

20. That, under the express provisions of said subsection (4), the default judgment herein entered on April 29, 1958, may "be opened" and the Defendant "let in to defend" if it appears that Defendant was prejudiced in making his defense by reason of his military service;

21. That, according to the information reflected in Defendant's affidavit filed herein, Defendant had been in military service and residing at Lockbourne Air Force Base about twelve miles from Columbus, Ohio, when he was served with summons in this action (on April 3, 1958), and Defendant had continued in such military service and had continued to reside at said Base up to and including the date on which Defendant swore to and signed said affidavit (on May 6, 1958);

22. That, according to the information reflected in Defendant's affidavit herein, Defendant "had no opportunity to obtain counsel to represent him in said proceedings and actually did not consult with counsel until he talked to Mr. Hamilton and Mr. Kramer on May 3, 1958;"

23. That, in Defendant's motion, memorandum or affidavit, it does not appear that there was any change in defendant's active duty status in the United States Air Force, with the 87th Fighter Interceptor Squad-

ron, which provided Defendant with any opportunities to obtain and consult with counsel (on May 3, 1958, and May 6, 1958) that had not also been available to Defendant on one or more occasions from April 3rd to April 26th, 1958;

24. That Defendant's affidavit states that he was on active duty in the United States Air Force with the 87th Fighter Interceptor Squadron when he talked to Mr. Hamilton and Mr. Kramer on May 3, 1958; and it also appears that Defendant was "on active duty" when he swore to and signed said affidavit on May 6, 1958;

25. That, upon due consideration of all of the information reflected in the record and in Defendant's motion, memorandum and affidavit, it appears that Defendant has intentionally declined to show or state his efforts, if any, to obtain counsel (between April 3rd and 26th, 1958), or his lack of opportunity to obtain counsel (between April 3rd and 26th, 1958);

26. That, upon the facts and reasons hereinabove set forth, it does not appear that Defendant was prejudiced in making his defense to the instant action by reason of his military service within the meaning and intent of said subsection (4) of the aforesaid Act;

27. That Defendant's motion, as to each of its parts and in its entirety, is not well made and should be overruled; and

28. That Plaintiff's counsel should prepare an entry in conformity herewith, reciting that this decision is incorporated by reference as if fully rewritten therein, noting therein appropriate exceptions on behalf of Defendant, and submit same to Defendant's counsel for approval by on or before June 10, 1958, and Defendant's counsel shall forward same to this Court by on or before June 17, 1958.